## No. 13,700.

### PIERCE *v*. PIERCE.
(46 P. [2d] 748)

Decided June 10, 1935.

Mr. B. B. McCay, for plaintiff in error.

Mr. Barnard Cummings, for defendant in error.

*In Department.*

Mr. Justice Hilliard delivered the opinion of the court.

Plaintiff in error sued for absolute divorce, charging cruelty. Defendant in error denied the allegation of cruelty, and, cross-complaining for separate maintenance, alleged cruelty and desertion. On both complaint and cross-complaint verdicts were returned in favor of defendant in error, for whom judgment entered. Plaintiff sues in error.

Defendant in error moves for dismissal of the writ of error on four grounds: (1) That the record on error was not filed until more than one year after entry of judgment in the trial court; (2) that plaintiff in error did not within five days after the judgment file with the

clerk of the district court notice of his intention to seek review in this court; (3) that he did not tender his bill of exceptions within time; (4) that the matter of which complaint is made in the assignments is moot or unimportant.

■■ 1. The record was filed here March 12, 1935. Verdicts as indicated were returned May 27, 1933. Plaintiff in error's motion for new trial was filed July 1, 1933. The motion was heard and denied December 11, 1933. If, as defendant in error contends, judgment was entered that day, the requirement that for review the record must be filed within one year was not observed. Plaintiff in error insists, however, that final judgment was not entered until March 16, 1934, when formal decree was signed; in which view the filing here was within time. When the motion for new trial was overruled the court stated that defendant was entitled to judgment on her cross-complaint for separate maintenance, and that if not already done, "it will be entered now." Then followed a discussion as to what the judgment should comprehend, the judge saying, "I assume some sort of decree ought to be entered, in conformity with the prayer of the cross-complaint." There was further discussion. "Separate maintenance," the judge observed, "is the right to live separate and apart, the wife to be maintained by the husband. You say you want the husband and wife to have the right to live separate and apart and the question of maintenance to be taken up later. I do not think you need one without the other. I understand they are living apart and have been for some time." Counsel for the wife replied: "Yes. I will draw a decree, then." He was directed to submit the draft of proposed decree to opposing counsel. This was done, but it was not until March 15, 1934, that a decree satisfactory in form to all concerned was signed by the court. It is clear that at the time of the colloquy outlined the court was ready to enter judgment, but it is quite as clear that judgment was not then entered. "A judgment is

42

the law's last word in a judicial controversy." 15 R. C. L., 569, §2. The last word here was the formal decree, and since it did not provide in terms for an earlier effective date, the time of signing and entry thereof, March 16, 1934, is controlling.

■ 2. Section 5605, C. L. 1921, cited to the point that the party seeking review in a divorce proceeding must within five days give notice of intention to apply for a writ of error, not done here, does not apply to this writ. The five day provision, relied on by defendant in error, has been eliminated by legislative amendment. The practice has been made to conform to that in other civil cases. Session Laws 1933, p. 441, c. 71, §2.

■ 3. As already determined, the date of the judgment was March 16, 1934, when the decree was entered. On that day plaintiff was granted time until May 10, 1934, in which to tender his bill of exceptions. The tender was made May 7, 1934.

■ 4. The assignments of error go to the introduction of a certain exhibit, claimed by plaintiff in error to have been wrongly admitted. Defendant in error urges here that since the effect of the exhibit, if it had any, must have been on the issue of cruelty, that that issue may be disregarded, leaving the judgment to find predicate on desertion alone. First of all, the judgment was not based on the one issue. Second, it is not for us to say what effect the exhibit produced, or to what issues the jury thought it applicable. Domestic discord of high degree obtained with this unfortunate couple. In arriving at its conclusions the jury must have taken into consideration all the evidence, including the challenged exhibit. We think plaintiff in error is entitled to have review of the trial court's ruling on its admission.

Let the order be that the motion to dismiss the writ of error is denied.

MR. CHIEF JUSTICE BUTLER and MR. JUSTICE CAMPBELL concur.