No. 14,129.

Isom *v.* Isom et al.
(74 P. [2d] 1245)

Decided December 27, 1937.

Mr. Bentley M. McMullin, for plaintiff in error.

Mr. Albert J. Gould, for defendant in error.

*In Department.*

Mr. Justice Young delivered the opinion of the court.

The parties appear here in the same order as in the district court and for convenience reference will be made to them as plaintiff and defendants, or by name. To the judgment dismissing plaintiff's complaint she prosecutes a writ of error.

At the time she instituted the action plaintiff had a judgment in the district court for $1,135.66 for unpaid alimony against defendant, Owen Lee Isom, her divorced husband, who was employed by the other defendants,

Louie Myerson, Myerson, Inc., and Fidelity Investment Company, a corporation. The two corporations were owned and controlled by defendant Louie Myerson. Plaintiff charged a conspiracy between her former husband and Louie Myerson to prevent her collection of the judgment, alleging that her husband was the owner of a large amount of property held in the name of defendant Myerson; that a certain mortgage on a Studebaker automobile was given by Isom to Myerson for the purpose of hindering her in the collection of her judgment; that it was executed and delivered without consideration and therefore was void. The record discloses that for several years defendant Isom, as a salesman, had earned approximately $2,000 a year; that he had a drawing account and drew his earnings in advance, so that at no time was Myerson indebted to him.

The record discloses, and plaintiff alleges as one of the badges of fraud, that the books of the concern, so far as the account of Isom was concerned, were indefinite and very informally kept, and that the entries in the one book purporting to cover Isom's account for more than a year, bore intrinsic evidence of having been written at one time. Other alleged badges of fraud, which need not be detailed, are pointed out by plaintiff.

The plaintiff called her former husband and Myerson under the statute for cross-examination. At the close of plaintiff's case defendants moved for a nonsuit. After argument by plaintiff's counsel, before answering argument of defendants, and before plaintiff's reply thereto, defendants' counsel stated that he had examined the witnesses when they were called for cross-examination and that he had no further testimony to offer. At the conclusion of the argument the court found for the defendants and on such finding entered judgment dismissing the plaintiff's complaint and for costs.

The only matter raised by the assignments of error is with respect to the mortgage on the automobile above mentioned. The witnesses Isom and Myerson testified

positively that the automobile was the profit made on a certain exchange of properties in a deal consummated by the defendant Isom as the agent of Myerson; that under an agreement between Myerson, his two companies and Isom, the profits on such deals were equally divided; that Isom needed an automobile; that the value which they placed upon the machine was $800 and that the mortgage in question was given to secure the payment to Myerson of his $400 interest in the car. There is no positive testimony directly negativing the testimony of these witnesses.

We may concede that there are certain facts, which courts have denominated badges of fraud, disclosed by the record and involved in the dealings between Isom and his employers. We also may concede, but need not and do not determine, that these matters standing alone are sufficient to make out a prima facie case for plaintiff; but since defendants' attorney advised the court before its ruling on the motion for nonsuit, and before the arguments were concluded, that no further evidence would be offered by defendants, the case then was before the trial court for decision on its merits. An examination of the record discloses—even assuming that the matters urged by plaintiff constituted badges of fraud, and assuming further their sufficiency to make out a prima facie case— that there is evidence directly negativing fraud and showing the mortgage to have been given for a valid consideration. The evidence is found in the testimony of the witnesses called by plaintiff for cross-examination. While plaintiff would not be bound by such testimony, and could negative it by other evidence, it was for the trial court, in passing on the weight of all the evidence, to determine whether such testimony upon which reliance was placed by plaintiff as constituting badges of fraud, had been outweighed by the direct testimony of the witnesses, though called on cross-examination, in conflict therewith. Upon such consideration the trial court resolved the matter in favor of the defendants.

■ The case presents nothing more than a judgment in favor of defendants based upon conflicting evidence. In such a situation the rule of law is too well settled to require citation of authorities. We will not disturb the judgment.

The judgment is affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE BOUCK and MR. JUSTICE KNOUS concur.