No. 14,698.

SIMMONS *v.* SIMMONS.
(108 P. [2d] 871)

Decided December 16, 1940.    Rehearing denied January 6, 1941.

Mr. THORNTON H. THOMAS, JR., for plaintiff in error.

Mr. SIDNEY P. GODSMAN, for defendant in error.

*En Banc.*

MR. JUSTICE BAKKE delivered the opinion of the court.

ACTION by wife for divorce on ground of cruelty. The husband contested and on the consequent trial to a jury it returned a verdict for the wife. Husband seeks reversal on a writ of error. Reference will be made to the parties as they appeared in the trial court.

A preliminary matter requires disposition. While the cause has been pending here, counsel for the wife filed a motion to dismiss the writ of error on the ground that it was not filed within six months after the issuance of the interlocutory decree. We reserved judgment but now hold against that proposition in accordance with the pronouncement in *Pierce v. Pierce,* 97 Colo. 39, 46 P. (2d) 748, wherein we said: "The practice has been made to conform to that in other civil cases. Session Laws 1933, p. 441, c. 71, §2, ['35 C.S.A., c. 56, §16]"

On the merits defendant urges three grounds for reversal: 1. The court had no jurisdiction because plaintiff was not a resident of Colorado. 2. There was no evidence of any acts of cruelty committed in Colorado such as would entitle plaintiff to a decree of divorce. 3. The court erred in its instructions to the jury.

It appears from the record that the parties were married in Kit Carson county, Colorado, March 1, 1926, and almost immediately thereafter moved to Kansas where they engaged in farming for about nine years, and during which time four children were born. In the fall of 1935, they discontinued farming and went into the restaurant business. They jointly conducted restaurants in several towns in Kansas until just prior to the commencement of this suit, when plaintiff was operating one at Haddam, Kansas, and defendant one at Clyde, Kansas. These towns were sufficiently near each other to permit of cooperation in the maintenance of the two restaurants. Near-beer was sold in both places of business and parties were given by plaintiff and defendant at which the participants indulged in the drinking of alcoholic liquors. Plaintiff began keeping company with other men, not necessarily in an improper manner, but, at least, to the extent that her husband felt constrained to speak to her concerning it, and on two occasions he engaged in fights with one man who, he alleged, was too attentive to his wife.

About September 1, 1936, plaintiff sold the restaurant at Haddam and returned with one of their children to the home of her parents in Flagler, Colorado—the other two children having previously gone there to be with their grandparents. She left a note for her husband informing him that she did not intend to return. She made the journey to Colorado by train. Defendant, upon reading the note, immediately started for Colorado by automobile, arriving in Flagler ahead of the train and was at the station with his mother-in-law when plaintiff arrived. He pleaded with plaintiff to return to Kansas

with him, but she refused, saying she intended to remain with her parents for at least a year and rest up. Shortly thereafter defendant returned to Kansas. He came back to Flagler about the first of November, 1936, remaining about ten days. Commenting on this last visit, plaintiff testified on direct examination: "Father and mother both talked to Mr. Simmons and myself, to patch things up and go ahead. We finally agreed to do so, and Mr. Simmons was ready to go back, where he had some proposition lined up, and the children were to come a little later; so as to give him a chance to get started when he got back." Defendant returned to Kansas that afternoon taking two of the children with him without the knowledge or consent of the wife and contrary to the agreement she had with him. Plaintiff stated that she was made ill by the things her husband had said about her relationship with other men, and when he took the children away she was sick in bed.

While defendant was in Colorado he accused his wife of infidelity in the presence of several persons and told her mother that she accepted a money consideration from men on some of these occasions. The wife's explanation of this was that the man was one from whom she had borrowed some money, that he was a friend of the family, and that the transaction was an ordinary loan.

1. The question of plaintiff's residence is a debatable one, in that the evidence discloses that at the time of the alleged agreement, about November 20th, plaintiff promised to return to Kansas. Under the circumstances the jury could inferentially find that when defendant immediately violated their agreement, plaintiff had a right to renew her expressed intention of remaining in Colorado for at least a year. Since the record shows that defendant also had left Kansas long enough to establish a residence in Nebraska for the purpose of voting there, and that the matrimonial domicile was no longer in Kansas, plaintiff's residence was wher-

ever she intended to establish it. We think the question was properly submitted to the jury as one of the fact issues, and the instructions fully protected the rights of defendant in this respect.

2. On the question of evidence of cruelty, reasonable men might differ as to whether defendant was acting in good faith in speaking to his wife as he did in charging her with infidelity, but the important fact to consider is that he contested her suit, and our statute, section 12, chapter 56, '35 C.S.A., provides: "Every action for divorce that is contested shall be tried to a jury * * *." Johnson v. Johnson, 22 Colo. 20, 43 Pac. 130. The same section of the statute further provides: "The court shall submit to the jury * * * the question of the guilt or innocence of the defendant of each and every of the causes for divorce * * *." Here, the question of "guilt or innocence" was submitted to the jury, and we are not at liberty to disturb its findings on this issue.

3. We have examined the instructions and find no error in them.

We consider it unnecessary to dispose of other assignments. The judgment is affirmed.

MR. JUSTICE OTTO BOCK concurs in the result.

MR. CHIEF JUSTICE HILLIARD not participating.