No. 15,091.

ISOM *v.* ISOM.
(134 P. [2d] 730)

Decided February 8, 1943.

ANNA PEARL ISOM, plaintiff in error, pro se.

No appearance for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THE correct explanation of the peculiar condition in which this case comes before us is doubtless the fact that plaintiff in error, hereinafter referred to as plaintiff, who is not an attorney, represents herself, perhaps relying upon her long experience in this and collateral litigation. *Isom v. Isom,* 101 Colo. 368, 73 P. (2d) 1408; *Isom v. Isom,* 101 Colo. 532, 74 P. (2d) 1245. It will thus be observed that such litigation has been in progress for something like ten years. All this is pertinent to the specification of points before us.

The immediate occasion for the present writ was an order reducing alimony, to which plaintiff objects not only on the merits, but because of the alleged disqualification of the judge. She accordingly comes here with thirty alleged specifications, many of which would be ineffectual under any circumstances and all but one of the remainder relate to matters which have either been finally adjudicated or as to which error has been waived; they cover practically the entire course of the litigation, which involves numerous applications for increase and reduction of alimony, citations for contempt for nonpayment, and objections to the qualifications of the various judges who during the years have presided over some phase of the litigation. We can consider these specifications only as they relate to the last order of the district court.

For a considerable time Mrs. Isom received $40 per month. On her application this was increased, by an order of Judge Hicks, to $60. June 21, 1941, in answer to a citation for contempt for failure to pay, defendant set forth his inability and sought a reduction. This hearing was before Judge Dunklee, who reduced the alimony to $40 per month and continued the cause to September 5. September 3 it appears that Mrs. Isom filed some document attempting to raise the question of the judge's qualification. Judge Dunklee found it insufficient, but since neither the motion nor affidavit, if such there were, are included in the record, the pre-

sumption favors the ruling; but if erroneous, the error is waived. At the hearing of September 5 it was made to appear that the prejudice relied upon, if it existed, was disclosed by some past record whose existence was in dispute. Alimony was then fixed in the sum of $40 per month. On the same day, and following the entry of the order, a new motion or amendment to the motion to disqualify was filed, setting forth the alleged record. September 20 Judge Dunklee, denying prejudice and specifically finding that no matter was pending and undisposed of in the cause, nevertheless transferred it to another division for the purpose of all future proceedings.

If anything is before this court it is the validity of Judge Dunklee's last order fixing alimony at $40 per month, and that on the theory that it is a final judgment which he had no power to enter because of the disqualification alleged. The answer is simple. Judge Dunklee's holding that the allegation of disqualification was insufficient was accepted by plaintiff by filing a new or amended motion. Meanwhile the order had been entered. If the amended motion was good it simply went to future proceedings. There were none. Plaintiff secured the change she sought. She never thereafter moved for a modification of the order nor questioned, before the trial court, its validity. Moreover that decision was based upon evidence and the question of its correctness was a question of fact. In any event it could not be reviewed on error as a final judgment in the absence of a motion for a new trial or an order dispensing therewith. There was neither. *Pierce v. Pierce,* 97 Colo. 39, 46 P. (2d) 748. Plaintiff is not foreclosed by the decision complained of. The district court is open to her to move for modification thereof on the merits or to vacate for the disqualification of the judge who entered it or take such other steps as she may be advised. It is in no respect a final judgment and no citation of

authorities is necessary to demonstrate that plaintiff's specifications present nothing reviewable here.

The writ of error is dismissed at plaintiff's costs.

MR. CHIEF JUSTICE YOUNG, MR. JUSTICE BAKKE, and MR. JUSTICE JACKSON concur.