## No. 18,453.

## H. O. Aaberg *v.* District Court of Gunnison County.

(319 P. [2d] 491)

Decided December 23, 1957.   Rehearing denied January 13, 1958.

Mr. Henry Blickhahn, for petitioners.

Mr. E. L. Dutcher, Mr. Marsh Seraphine, for respondents.

*En Banc.*

MR. JUSTICE HALL delivered the opinion of the Court.

PETITIONERS herein are defendants in Civil Action No. 5437, pending in the District Court of the Seventh Judicial District in and for Gunnison County, Colorado. Presiding judges in said district are The Honorable Dan H. Hughes and The Honorable Charles E. Blaine.

. The above case was assigned to the division of Judge Hughes, who heard numerous motions, petitions, etc., and entered several orders prior to filing of a motion to disqualify him. On August 14, 1957, shortly after the case was at issue and ready for trial, a motion, supported by affidavit, was filed by petitioner here, seeking to disqualify Judge Hughes from further participation in the case because of alleged bias and prejudice.

On the filing of this motion, Judge Hughes, on August 14, 1957, entered the following order:

"Counsel for H. O. and Stella R. Aaberg, has filed motion herein to disqualify the undersigned to try the above action.

"While the undersigned Judge does not believe that affidavit as filed by the Aabergs is correct, rather than have argument upon the motion and delay in the trial of said cause, the undersigned has obtained the consent of the Honorable Charles E. Blaine, one of the Judges of this District to try said case starting on the 4th day of September, 1957, at the hour of 10:00 A. M., at Gunnison, Colorado.

"DATED at Montrose, Colorado, this 14th day of August, 1957.

"Dan H. Hughes"

Thereafter and on August 27, 1957, petitioners filed their motion in said cause No. 5437, in which they questioned the authority of Judge Hughes to assign the case to Judge Blaine and also set forth that Judge Blaine is biased and prejudiced against petitioners and pray that the parties agree on a judge to conduct further proceedings and, failing so to agree, that Judge Hughes certify

the matter to the Chief Justice of the Supreme Court for assignment of a judge. This motion was argued before Judge Blaine on August 30, 1957, and on said date was denied; petitioners were granted further time until 9:30 A.M., Saturday, August 31, 1957, to file an amended motion to disqualify Judge Blaine. Within the time allotted, petitioners filed their amended motion supported by affidavit and it was argued and denied on August 31, 1957. Immediately following the denial of said motion, and on August 31, 1957, petitioners filed their motion for change of venue, which motion was set down for hearing on September 16, 1957; it was heard on September 19, 1957, and denied.

On October 28, 1957, petitioners filed their petition here, seeking by writ of prohibition to restrain Judge Blaine from taking any further action in said cause, and seeking to restrain Judge Hughes from further proceeding therein, other than to give the parties ten days to agree on a judge or, failing so to agree, to certify the matter to this court for assignment of a judge as provided by Rule 97, R.C.P.

Order to show cause was issued November 1, 1957, and respondent's return and answer and brief in support thereof was filed herein on November 18, 1957; also filed by petitioners was request for oral argument, which request was granted, and oral argument was had December 14, 1957.

We need not, and do not, pass on the sufficiency of the motion and affidavit seeking to disqualify Judge Hughes because of alleged bias and prejudice. Three courses were open to Judge Hughes: (1) He could have denied this motion and, in such event, should continue with the matter; (2) he could have granted said motion and, in such event, should have proceeded pursuant to Rule 97, R.C.P., and (3) he could have elected to step aside *sua sponte;* he chose this course and was certainly within his rights in so doing. Had he granted the motion, such action would be considered as an admission

of bias and prejudice when it might well be there was none. Leaving the motion pending and undetermined, the charge of bias and prejudice, even though defective and insufficient, remains as an accusation of unfitness to proceed with the case, and logically this charge of unfitness would extend to unfitness to pick his successor or assign the case to another judge. When a judge is charged with bias and prejudice and sustains a motion so charging, or steps aside without ruling on the motion, proper procedure requires that he not select his successor or assign the case to another judge, but that he proceed in accordance with Rule 97, R.C.P.

The selection of Judge Blaine under the circumstances as revealed by this record being improper, we now turn to the question of the propriety of further proceedings taken by the parties charging bias.

Had petitioners promptly, after Judge Hughes had issued his order assigning the matter to Judge Blaine, filed their petition here, the situation would be the same as that presented in the criminal case of *Lenzini v. People,* 106 Colo. 435, 106 P. (2d) 1063, where prohibition was granted and the matter remanded to the disqualified judge for proceeding pursuant to Rule 14C then in effect. Petitioners did not pursue the remedy then available to them, but appeared before Judge Blaine and questioned his authority to act, sought on two occasions to disqualify him because of his alleged bias and prejudice, and sought by motion for change of venue to obtain from Judge Blaine procedural relief.

■ The law is well settled that one may not *simultaneously* question the authority of the court and ask the court for affirmative relief. When respondents appeared before Judge Blaine for any purpose other than to question his authority to proceed by virtue of the order of Judge Hughes, they waived their right to object to his authority. *Isom v. Isom,* 110 Colo. 344, 134 P. (2d) 730; *Kubat v. Kubat,* 124 Colo. 491, 238 P. (2d) 897.

■ From the record before us, we observe that the

first motion to disqualify was filed fifteen months after the action was commenced. Though Rule 97 does not fix the time when a motion should be filed, good faith and orderly process dictate that if grounds for disqualification are known at the time the suit is filed and a party desires to proceed thereon, a motion to disqualify should be filed prior to taking any other steps in the case. Failure to promptly assert known grounds of disqualification or grounds that could be ascertained by the exercise of due diligence may well constitute a waiver thereof.

The writ is discharged.

MR. CHIEF JUSTICE MOORE dissents.

MR. JUSTICE HOLLAND and MR. JUSTICE SUTTON not participating.