**Joseph T. ZOLINE and Edwin W. Pauley, Jr., Petitioners,**

v.

**The TELLURIDE LODGE ASSOCIATION, a non profit corporation, Respondent.**

**No. 85SC140.**

Supreme Court of Colorado,
En Banc.

Feb. 17, 1987.

Coleman, Brown & Jouflas, Joseph Coleman, Dufford, Waldeck, Ruland & Milburn, D.J. Dufford, Grand Junction, for petitioners.

Roath & Brega, P.C., Jack W. Berryhill, Denver, Woodrow, Roushar & Weaver, Frank J. Woodrow, Montrose, for respondent.

VOLLACK, Justice.

The petitioners, Joseph T. Zoline and Edwin W. Pauley, Jr., appeal from the court of appeals' decision, *Telluride Lodge Association v. Zoline,* 707 P.2d 998 (Colo.App. 1985), which held that the trial court properly entered judgment in favor of the respondent Telluride Lodge. We granted certiorari to consider the issues of whether the trial judge's refusal to disqualify himself was properly preserved for appellate review; and whether a judge who (a) owns controlling interest in a bank in which a party to a lawsuit is a substantial depositor, and (b) has a business association with the law firm which initially represented that same party, should be disqualified from presiding over that lawsuit. We find that the issue of disqualification was properly preserved and also conclude that the trial judge should have disqualified himself. We reverse.

I.

The petitioners own units in a condominium complex called The Telluride Lodge. The underlying dispute involved problems with the roof design of the condominium units. The Telluride Lodge Association [hereinafter Association] brought suit to foreclose on liens filed against some of the condominium units, including those owned by the current petitioners and another defendant, Howard V. More, who has since been dropped as a petitioner. The chief judge of the Seventh Judicial District assigned the case in October 1981 to F. Lynn French, a part-time county judge of Delta County. Two months later, the petitioners filed a motion to disqualify the trial judge based on three separate grounds: the judge (1) owned controlling interest in a bank in which a party to the lawsuit was a substantial depositor, (2) had a business relationship with the law firm which initially represented that same party, and (3) had an interest in a case in which the defendant More's attorney was acting as trustee in bankruptcy. One month later, the trial judge recused himself due to his interest in the bankruptcy proceeding, without addressing the other two grounds. When that particular ground later became moot, the chief judge reassigned the case to the original trial judge. After a trial to the court, judgment was entered against the petitioners. The petitioners did not renew their motion for disqualification until filing a motion for new trial, which was denied.

The court of appeals' opinion primarily addressed the issues of the propriety of the judgment entered by the trial court, but also held that the judge's interest in a bank in which a party before him was a customer was not sufficient grounds for disqualification. We granted certiorari on the two issues relating to disqualification of the judge. We reverse and remand for a new trial.

II.

The respondents claim that the disqualification issue was not properly preserved for

appellate review because petitioners did not renew their motion for disqualification, after reassignment of the original trial judge, until filing their motion for new trial. The petitioners contend that the motion, as it related to grounds (1) and (2), was denied by the trial judge's acceptance of reassignment to the case after ground (3), the bankruptcy proceeding, became moot.

As a general rule governing appellate review, objections not made at the trial court level are considered waived. Objections not raised at trial cannot be raised for the first time on appeal, *Christensen v. Hoover*, 643 P.2d 525 (Colo.1982), except when the subject matter is jurisdictional in nature. *Paine, Webber, Jackson & Curtis v. Adams*, 718 P.2d 508, 513 (Colo.1986). C.R.C.P. 97 governs motions for change of judge, but the timeliness of a motion to disqualify is not specifically addressed in this rule. Rather, our cases have held that "good faith and orderly process dictate that if grounds for disqualification are known at the time the suit is filed and a party desires to proceed thereon, a motion to disqualify should be filed prior to taking any other steps in the case." *Aaberg v. District Court*, 136 Colo. 525, 529, 319 P.2d 491, 494 (1957). Failure to timely object has been held to constitute waiver, but "a finding of waiver depends upon the facts and circumstances present in each particular case." *Johnson v. District Court*, 674 P.2d 952, 957 (Colo.1984).

Here, we are asked to determine the effect when grounds of a motion are not expressly denied or granted. Although Colorado has not addressed this issue, other jurisdictions have. In *Addington v. Farmer's Elevator Mutual Insurance Co.*, the Fifth Circuit Court of Appeals found that appellate review of the district court's denial "by necessary implication" of plaintiff's motion was appropriate, because "denial of a motion by the district court, although not formally expressed, may be implied by the entry of final judgment (which is in effect an overruling of pending pretrial motions) or of an order inconsistent with the granting of the relief sought by the motion." 650 F.2d 663, 666 (5th Cir.), *cert. denied*, 454 U.S. 1098, 102 S.Ct. 672, 70 L.Ed.2d 640 (1981).

The Sixth Circuit Court of Appeals has adopted the same rule, holding that "the determination of a motion need not always be expressed but may be implied by an entry of an order inconsistent with granting the relief sought." *Wimberly v. Clark Controller Co.*, 364 F.2d 225, 227 (6th Cir. 1966). *See also Mosier v. Federal Reserve Bank*, 132 F.2d 710 (2d Cir.1942).

The record shows that this case was assigned to the original trial judge on October 14, 1981. The next pleading filed was petitioners' motion to disqualify the judge, filed December 12, 1981. On January 12, 1982, the trial judge recused himself on just one of the three grounds set forth in the motion (his interest in the bankruptcy proceeding). His minute order did not address the other two issues presented in petitioners' disqualification motion. On May 11, 1982, the chief judge reassigned the case to the original trial judge. Reassignment was evidently based on the fact that the bankruptcy proceeding had settled. The chief judge's minute order also did not address the other two grounds raised by the petitioners; it simply stated that "[t]here is no reason that [the original trial judge] cannot continue on these cases."

The record here establishes an implied denial of the remaining two grounds of the petitioners' motion. The trial judge's original recusal was specifically based on his interest in the bankruptcy proceeding. The chief judge's minute order reassigning the same judge made it clear to the petitioners that there would be no reason to reassert the disqualification motion, and had the effect of denying the petitioners' motion because it was "inconsistent with the granting of the relief sought by the motion." *Addington*, 650 F.2d at 666. Having found that petitioners' motion was denied, we do not imply waiver by the petitioners. The original mo-

tion was timely, and the petitioners' objection was unequivocally stated in the record. Accordingly, we conclude that this issue was properly preserved for appellate review.

### III.

Having determined that the petitioners' objection is appropriate for appellate review, we proceed to the merits of the motion to disqualify. C.R.C.P. 97 states:

A judge shall be disqualified in an action in which he is interested or prejudiced, ... or is so related or connected with any party or his attorney as to render it improper for him to sit on the trial, appeal, or other proceeding therein .... [A]ny party may move for such disqualification and a motion by a party for disqualification shall be supported by affidavit.

7A C.R.S. (1973).

Section 13–1–122, 6 C.R.S. (1973), states:

A judge shall not act as such in any of the following cases: In an action or proceeding ... in which he is interested ... unless by consent of all parties to the action.

Finally, C.J.C. Canon 3(C) states in pertinent part:

(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:

(a) he has a personal bias or prejudice

...

....

(c) he knows that he ... has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding.

7A C.R.S. (1973).

▮▮ When assessing the grounds for disqualification raised in a motion, the judge must consider the Code of Judicial Conduct as well as the statutes and procedural rules. *Smith v. Beckman,* 683 P.2d 1214, 1216 (Colo.App.1984). We have previously held that even though a trial judge believes in his or her own impartiality, the court's duty is to "eliminate every semblance of *reasonable* doubt or suspicion that a trial by a fair and impartial tribunal may be denied." *Johnson v. District Court,* 674 P.2d 952, 956 (Colo.1984) (emphasis in original). In a civil case, the trial judge's decision whether to disqualify himself or herself is discretionary and will not be reversed unless an abuse of discretion is shown. *In re Marriage of Mann,* 655 P.2d 814, 818 (Colo.1982).

▮▮ When assessing a motion for disqualification, a judge is required to accept as true the facts stated in the motion and accompanying affidavits. *People v. Botham,* 629 P.2d 589, 595 (Colo.1981). The judge must look only to the legal sufficiency of the motion and affidavits. To be legally sufficient, the documents must "state facts from which it may reasonably be inferred that the judge has a bias or prejudice that will prevent him from dealing fairly with the defendant." *Id.* Facts are required; conclusory statements, conjecture, and inuendo do not suffice. *Carr v. Barnes,* 196 Colo. 70, 580 P.2d 803 (1978).

▮▮ Finally, there is a distinction between a private interest versus a public interest in the subject matter or outcome of the proceedings. We have held that a public interest is one shared by other citizens, and a judge's interest as a citizen in a public issue is not a basis per se for removal as trial judge. When a public interest is at issue a judge can remove himself, but a refusal to do so is not reversible error unless his interest was so great that "his decision would be tainted." *Russell v. Wheeler,* 65 Colo. 296, 305, 439 P.2d 43, 46 (1968).

▮▮ If the trial judge's decision would affect him in a pecuniary way, however,

this constitutes a private interest. A trial judge then has no alternative other than to disqualify himself. *Id.* at 304, 439 P.2d at 46. Also, an interest relating to the subject matter of the litigation may require disqualification. *Matter of the Estate of Painter,* 671 P.2d 1331, 1333 (Colo.App. 1983).

 Applying these principles, we conclude that the trial judge abused his discretion when he failed to disqualify himself based on his interest in the Bank of Telluride [hereinafter Bank]. The petitioners' motion calling for disqualification of the trial judge set forth three grounds. The only ground we need address here is the judge's ownership of controlling interest in the Bank in which the respondent Association was a substantial depositor.[1] The trial judge owned controlling shares of stock in the Bank before and during the trial, and the respondent was a substantial customer. These facts appear in the petitioners' motion and affidavits and are to be accepted as true. They meet the legal sufficiency test because we can reasonably infer that the judge may have had a bias or prejudice that would have prevented him from dealing fairly with the parties. Even though the judge apparently believed in his own impartiality, we are required to eliminate "every semblance of reasonable doubt." *Johnson,* 674 P.2d at 956.

The judge's interest here is a private one, based on his financial ownership and control of the Bank. We agree that the judge may not have enjoyed an immediate and direct benefit (or loss) due to the outcome of the litigation. However, he could be affected when a substantial depositor was plaintiff in the litigation before him. Success or failure of a substantial customer at trial could affect the Bank itself, hence the presiding judge.

Even if the judge's pecuniary interests alone were not grounds for disqualification,

the facts give rise to the appearance of impropriety that requires us to reverse.

Judgment reversed.

DUBOFSKY and LOHR, JJ., do not participate.

the trial judge's relationship to the law firm that initially filed the suit.

---

1. Because we reverse based on the judge's interest in the Bank, we do not address the issue of