**Edward D. GETSCH,**
**Plaintiff–Appellant,**

v.

**David HAWKER, City Manager of the City of Northglenn; Karen H. Saine, Hearing Officer for the City of Northglenn; and the City of Northglenn, a municipal corporation of the State of Colorado, Defendants–Appellees.**

**No. 85CA1386.**

Colorado Court of Appeals,
Div. II.

May 28, 1987.

Rehearing Denied Sept. 3, 1987.

Certiorari Denied Jan. 25, 1988.

Stan Bender, P.C., Stanley Bender, Denver, for plaintiff-appellant.

Hayes & Phillips, P.C., Herbert C. Phillips, Victoria M. Bunsen, Denver, for defendants-appellees.

BABCOCK, Judge.

Plaintiff, Edward D. Getsch, appeals the district court judgment affirming the City of Northglenn's termination of his employment. We affirm.

Plaintiff was employed as Northglenn's Superintendent of Recreation from 1969 until 1983. In November 1983, Northglenn reorganized its Parks and Recreation Department, eliminating plaintiff's position as part of a cost-saving measure. Plaintiff appealed his termination to the Northglenn Personnel Department, and a hearing was held before the personnel director acting as hearing officer, who determined that, under Northglenn Personnel Policy No. 35 (1981), plaintiff's termination was procedurally correct and neither arbitrary nor unreasonable. Pursuant to C.R.C.P. 106(a)(4), plaintiff sought review in district court, which affirmed the hearing officer's decision.

■ Plaintiff first argues that the personnel director was without subject matter jurisdiction to hear his appeal. We disagree.

Plaintiff's contention, while characterized as a jurisdictional issue, essentially maintains that the hearing officer should have been disqualified for conflict of interest because, as personnel director, she was directly employed by the City Manager, who was the adverse party at the hearing. Plaintiff alleges that the personnel director could not render a fair and impartial decision because of that relationship.

Northglenn Personnel Policy No. 35 permits appeal of layoffs only to the Personnel Department, and the personnel director is authorized to preside at the hearing by Northglenn Municipal Code § 3–7–6(a) (1975). Although Northglenn Municipal Code § 3–7–14(b)(5) provides for disqualification of a hearing officer for interest in an administrative hearing on the ground of an employer-employee relationship, the record shows that plaintiff failed to move for disqualification either before or at the hearing and, thus, acquiesced in the personnel director's participation. Under these circumstances, he has waived any objection. *See Gleason v. Board of County Commissioners*, 620 F.Supp. 632 (D.Colo.1985); *see also Aaberg v. District Court*, 136 Colo. 525, 319 P.2d 491 (1957).

■ Plaintiff next contends that the hearing officer abused her discretion in upholding his termination. Again, we disagree.

Northglenn Personnel Policy No. 35, Part VI, provides:

"Grounds for appeal of layoff will be limited to the following:

A. Procedural defects in executing the layoff;

B. Layoff was affected [sic] in an arbitrary or unreasonable manner."

Plaintiff argues that his termination was procedurally deficient and arbitrary and unreasonable because he was not given the opportunity to "bump" a subordinate employee and assume that employee's position. However, Policy No. 35 does not provide for any such procedure; rather, it provides an order of reduction for employees who are laid off within a "class of positions."

The hearing officer found that because the policy created no obligation on management's part to place a terminated employee in a lower-level position, the City Manager had no duty to "bump" another employee in order to retain plaintiff. The hearing officer therefore concluded that proper procedure had been followed and that the lay-

off had not been effected in either an arbitrary or an unreasonable manner.

Judicial review of an administrative agency's decision under C.R.C.P. 106(a)(4) is limited to review of the record to ascertain whether there is any competent evidence to support the agency's decision. *Ross v. Fire & Police Pension Ass'n*, 713 P.2d 1304 (Colo.1986); *Fueston v. City of Colorado Springs*, 713 P.2d 1323 (Colo. App.1985). Here, the hearing officer's findings are supported by competent evidence in the record. Therefore, we perceive no abuse of discretion.

Judgment affirmed.

SMITH and TURSI, JJ., concur.