Gary L. HAMMONS, Robert T. Colgan, and James M. Jackson, Plaintiffs–Appellants Cross–Appellees,

and

Sunshine Motors, a general partnership, Plaintiff–Intervenor Cross–Appellee,

v.

Wilbur L. BIRKET and Mable Florene Birket, Defendants–Appellees Cross–Appellants.

No. 85CA1303.

Colorado Court of Appeals, Div. II.

March 10, 1988.

Rehearing Denied April 7, 1988.

Certiorari Denied Aug. 22, 1988.

Dietze, Davis and Porter, P.C., Peter C. Dietze, John F. Hensley, Boulder, for plaintiffs-appellants, cross-appellees.

No appearance for plaintiff-intervenor, cross-appellee.

Grant, McHendrie, Haines and Crouse, P.C., Charles H. Haines, Jr., Richard A. Marsh, Denver, for defendants-appellees, cross-appellants.

BABCOCK, Judge.

Plaintiffs, Gary Hammons, Robert Colgan, James Jackson, and Sunshine Motors, appeal the judgment of the trial court quieting title to a contested tract of land in defendants, and awarding defendants damages for back rent. Defendants cross-appeal the trial court's award of damages. We reverse and remand for a new trial.

At issue is the ownership of a parcel of real property, the resolution of which depends upon determination of a boundary line between plaintiffs' and defendants' property. The trial court adopted defendants' version of the boundary, and quieted title in defendants. At a later hearing, the trial court awarded defendants monetary damages for plaintiffs' use of the disputed tract.

In July 1982, following trial but prior to the entry of judgment, plaintiffs' counsel learned of the existence of a professional relationship between the trial judge and an expert witness for defendants. Plaintiffs then filed a motion for recusal, supported by their attorney's affidavit. The trial court denied the motion.

Plaintiffs contend that the trial court abused its discretion in denying their motion for recusal and that such abuse constitutes reversible error. We agree.

The purpose of statutes and court rules governing the disqualification of a trial judge is to guarantee that no person is forced to litigate before a judge with a "bent of mind." *Johnson v. District Court*, 674 P.2d 952 (Colo.1984).

In a civil case, the trial judge's decision to recuse is discretionary and will not be reversed absent an abuse of discretion. *Zoline v. Telluride Lodge Ass'n*, 732 P.2d 635 (Colo.1987). However, in *Johnson* the court held that:

"When an attorney for one of the litigants signs a verified affidavit alleging conduct and statements on the part of a trial judge which, if true, show bias or prejudice *or the appearance of bias or prejudice* on the part of the trial judge, it is an abuse of discretion if that judge does not withdraw from the case even though he or she believes the statements are false *or that the meaning attributed to them by the party seeking recusal is erroneous.*" (emphasis added) *Johnson v. District Court, supra.*

Finally, when assessing a motion for disqualification, a judge is required to

accept as true the facts stated in the motion and accompanying affidavit. *Zoline v. Telluride Lodge Ass'n, supra.*

Here, the motion and affidavit of plaintiffs' attorney establishes that: the trial judge is a retired judge who serves part-time pursuant to § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10), and he also practices law part time; the trial judge participated as co-counsel in several water-application cases during the pendency of the instant case; the trial judge's client in these water-application cases employed an expert engineer; this expert engineer testified as a key witness for defendants in this case. Additionally, the record shows that the trial judge substantially relied upon this expert's testimony in entering his findings of fact and conclusions of law.

The trial judge was required to accept these facts as being true, *Zoline v. Telluride Lodge Ass'n, supra;* yet, in denying the motion, he issued a lengthy order addressing the validity of these statements and their effect on his ability to be fair and impartial. We conclude that there is, at least, an *appearance* of bias or prejudice on behalf of the trial judge. *See Johnson v. District Court, supra;* C.R.C.P. 97; Code of Judicial Conduct Canon 2.

Accordingly, the trial court's denial of the motion for recusal constitutes an abuse of discretion and is reversible error. *See Telluride Lodge Ass'n, supra.*

Because we reverse and remand for a new trial, we do not reach the other issues raised by this appeal and cross-appeal.

The judgment is reversed and the cause is remanded for a new trial before a different judge.

SMITH and PLANK, JJ., concur.