In re the MARRIAGE OF Karen L. FIFIELD, Appellee,

and

William E. Fifield, Appellant.

No. 88CA0522.

Colorado Court of Appeals, Div. III.

June 22, 1989.

Tisdel & Hockersmith, Robert B. Burns, Ouray, for appellee.

Cashen & Cheney, Thomas F. Cheney, Montrose, for appellant.

CRISWELL, Judge.

In this dissolution of marriage action, William E. Fifield (husband) appeals that portion of the judgment determining that a promissory note executed by him and Karen L. Fifield (wife) in favor of husband's parents had been renounced. We affirm.

### I.

Husband first contends the judgment is void because the trial judge who made the ruling was appointed by a judge who had previously recused himself. We disagree.

Upon disqualifying oneself, proper procedure requires that a judge should not select his or her successor or assign the case to another judge, but should proceed in accordance with C.R.C.P. 97 respecting a change of judges. *Aaberg v. District Court*, 136 Colo. 525, 319 P.2d 491 (1957). However, inasmuch as one may not question the authority of the court and simultaneously ask it for affirmative relief, if grounds for disqualification are known or could be discovered through due diligence, a party's failure to request disqualification before taking any other steps in a case may constitute a waiver of his right to challenge the procedures followed. *Aaberg v. District Court, supra.*

Here, the order appointing the judge contained a specific provision that any party objecting to the appointment should file such objections within 15 days. Husband failed to object to this appointment, and indeed, after the order of appointment was entered, he filed a reply to wife's motion for review which specifically asked the court to deny the motion for review and to uphold the findings of the referee. It was only after the judge handed down his written order granting the petition for review that any objection to any action by the judge was registered. This was nearly four months from the date of the entry of the order of appointment. Given these circumstances, any objection to the judge's appointment was waived.

### II.

Husband also contends the evidence was insufficient to establish a written renunciation of the note as required by § 4-3-605, C.R.S. We disagree.

The lost document statute, § 13-25-113, C.R.S. (1987 Repl.Vol. 6A), provides that, when either party to a suit "relies for its maintenance or defense ... on any ... letter, or any other writing" allegedly lost or destroyed, the party relying on it as evidence must make an oath to its loss and its contents before that party can introduce secondary evidence as to its contents.

Here, both the husband and his father testified that the father had sent a letter to husband forgiving the promissory note. This letter was allegedly lost. However, a letter written shortly thereafter from husband to his father, acknowledging receipt of the loan cancellation letter, was

introduced at trial. In our view, this testimony, coupled with husband's letter, was sufficient under the statute to establish the contents of the letter renouncing the promissory note. Thus, we find no error.

The question whether husband's mother renounced the note was not raised in the trial court, so that issue will not be considered on appeal. *See Mohawk Green Apartments v. Kramer*, 709 P.2d 955 (Colo.App.1985).

Judgment affirmed.

PIERCE and NEY, JJ., concur.