**W.D. TRIPP, Plaintiff–Appellant,**

v.

**Kent A. BORCHARD, Defendant–Appellee.**

No. 99CA2367.

Colorado Court of Appeals,
Div. A.

June 7, 2001.

The Law Office of Richard K. Rufner, Richard K. Rufner, Englewood, CO, for Plaintiff–Appellant.

Traylor, Tompkins, Black & Gaty, P.C., Jerry B. Tompkins, Grand Junction, CO, for Defendant–Appellee.

Opinion by Judge METZGER.

In this legal malpractice case, plaintiff, W.D. Tripp, appeals the summary judgment entered against him on his remaining claims against defendant, Kent A. Borchard. Plaintiff contends the trial judge erred in declining to disqualify himself from the case. We agree. Therefore, we reverse the judgment

and remand the cause for further proceedings.

The trial court initially dismissed plaintiff's entire complaint on summary judgment. Plaintiff appealed, and a division of this court reversed the judgment in part and remanded the cause for further proceedings on several of plaintiff's claims. *Tripp v. Borchard,* (Colo.App. No. 97CA0619, Feb. 26, 1998)(not selected for official publication).

On remand, defendant again moved for summary judgment on plaintiff's remaining claims. Approximately fifteen days later, plaintiff filed a motion seeking disqualification of the trial judge. In that motion, plaintiff alleged that the trial judge had previously acted as a settlement judge in the underlying litigation upon which the present legal malpractice case is premised. The trial judge denied that motion and, two days later, granted defendant's motion for summary judgment.

Plaintiff contends the trial judge abused his discretion in denying the motion for disqualification. We agree.

C.R.C.P. 97 covers disqualification of judges in civil actions. That rule provides, in relevant part, that a judge shall be disqualified in an action in which he or she

> is interested or prejudiced, or has been of counsel for any party, or is or has been a material witness, or is so related or connected with any party or ... attorney as to render it improper ... to sit on the trial ... or other proceeding therein.

■ A C.R.C.P. 97 motion is legally sufficient to require disqualification if it states facts from which it may be reasonably inferred that the judge has a bias or prejudice that will prevent the judge from dealing fairly with the party seeking recusal. *Moody v. Corsentino,* 843 P.2d 1355 (Colo.1993). A decision by a trial judge on a disqualification issue in a civil case will not be reversed absent an abuse of discretion. *Zoline v. Telluride Lodge Ass'n,* 732 P.2d 635 (Colo. 1987).

In addition, the Code of Judicial Conduct, C.J.C. 3(C)(1), provides, in part, that "[a] judge should disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned." C.J.C. 3(C)(1)(a), counsels disqualification where the judge has "personal knowledge of disputed evidentiary facts concerning the proceeding."

Furthermore, C.R.C.P. 121 § 1-17, which specifically pertains to court settlement conferences, provides that such conferences "*shall* ... be conducted by any available judge *other than the assigned judge,*" and "*[i]n all instances,* the assigned judge *shall* arrange for the availability of a different judge to conduct the court settlement conference." C.R.C.P. 121 § 1-17(1) (emphasis added); *see Halaby, McCrea & Cross v. Hoffman,* 831 P.2d 902 (Colo.1992). The rule also provides that "[a]ll discussions at the settlement conference shall remain confidential and *shall not* be disclosed to the judge who presides at trial." C.R.C.P. 121 § 1-17(2) (emphasis added).

Thus, by its plain language, C.R.C.P. 121 § 1-17 expresses a clear message that, if a judge acts as a settlement judge in a particular action, that judge should not thereafter have any dealings with the case. Likewise, the rule also makes clear that the judge assigned for proceedings other than settlement should not be privy to discussions that occurred at court settlement conferences.

■ Here, plaintiff's motion alleged that the trial judge had acted as settlement judge in the underlying litigation and, in that capacity, received a confidential settlement statement setting forth the strengths and weaknesses of plaintiff's case. The motion further asserted that, in the course of the settlement process, the trial judge had "expressed his opinions about [plaintiff's] case and stated his belief as to the value of the [plaintiff's] case." Finally, the motion stated that the judge "apparently expressed his opinion and bias ('bent [of] mind') regarding [p]laintiff's damages."

In our view, these allegations, when considered in light of the policy expressed in C.R.C.P. 121 § 1-17, were sufficient to raise a reasonable inference of the appearance of actual or apparent bias or prejudice and thus require disqualification.

We recognize that the trial judge acted as settlement judge in the underlying litigation rather than in the present malpractice action itself. However, because, in a legal malpractice action, the merits of the underlying litigation are critical in determining whether a plaintiff can recover, the concerns addressed in C.R.C.P. 121 § 1–17 are nonetheless applicable here. Indeed, to establish causation in a legal malpractice action, a plaintiff must prove the "case within a case" by demonstrating that the underlying claim should have been successful if the attorney had acted in accordance with his or her duties. *See Bebo Construction Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78 (Colo. 1999).

Because the trial judge here acted as settlement judge in the underlying litigation and, in that capacity, learned confidential information concerning the merits of plaintiff's present legal malpractice action, we conclude that the trial judge should have granted plaintiff's motion to disqualify himself from the malpractice action. *See* C.R.C.P. 121 § 1–17; C.J.C. 3(C)(1); see also *In re Estate of Elliott*, 993 P.2d 474 (Colo. 2000).

Based upon our resolution of this issue, we need not address plaintiff's additional contention regarding the propriety of the timing of the summary judgment.

The judgment is reversed, and the cause is remanded for further proceedings before a different judge.

KIRSHBAUM * and PIERCE *, JJ., concur.