## No. 14,591.

COLORADO PUBLIC WELFARE BOARD *v.* VILES.
(94 P. [2d] 713)

Decided October 2, 1939.

Mr. BYRON G. ROGERS, Attorney General, Mr. JOSEPH D. ISKOW, Assistant, for plaintiff in error.

Mr. EDMOND L. VILES, pro se.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

DEFENDANT in error, hereinafter referred to as plaintiff, alleging that he was entitled to a pension because of blindness, brought mandamus against plaintiff in error, hereinafter referred to as the board, to compel the allowance thereof. An alternative writ was issued to which the board demurred on the ground "that the court had no jurisdiction of the person of the respondent or the subject of the action." That demurrer was over-

ruled, the board elected to stand, and to review the judgment entered accordingly it brings error.

A number of propositions are argued in the briefs, but from the foregoing it is clear that the only question before us is the question of jurisdiction.

■■ Mandamus is the proper remedy "to compel the performance of an act which the law specifically enjoins as a duty resulting from an office. '35 C. S. A., vol. 1, c. 30, §342. From the petition it appears that plaintiff made the necessary application to the county director, was examined and his case referred to the board which determined that he was eligible except that the board "did not believe the reports of the three optholmologists above mentioned." All this under sections 37 to 50, inclusive, chapter 22, volume 2, '35 C. S. A. Therefrom it appears that the duty devolved upon the county director and the board to have a fair hearing, consider all the facts and circumstances and make award accordingly, in any event not to exceed a total of thirty dollars per month. Thus the duty to exercise discretion, and the basis and limits of that discretion are specified by law. From the complaint we learn that all the evidence and all the facts and circumstances established that plaintiff was entitled to relief which was denied, "arbitrarily, and unreasonably and capriciously," without shadow of excuse except that the board paid no attention to its own witnesses. It is thus sufficiently made clear that the board ignored the hearing and exercised no discretion, and that the holding of the district court was correct.

■ In the record before us is the so-called answer of the board. We ignore it for two reasons. First, because it is an answer to the petition instead of to the alternative writ. *Chipman v. Forward,* 41 Colo. 442, 92 Pac. 913. Second, because that answer did not enter into the judgment of the district court and is not involved in the question before us.

■ It is said no statutory court review is provided.

The district court under its general jurisdiction, and this court by writ of error under its constitutional powers, may review the acts of any board or commission where it is contended that legal rights have been denied, or that such body is vested with a discretion which it refuses to exercise.

It is further urged that this is not an action to compel the exercise of discretion, but to control that discretion, because plaintiff makes demand for the maximum statutory allowance. We look to the substance of the petition and are not controlled by the prayer. If his demand was excessive the question was one for answer, not demurrer.

The alternative writ required the board to pay thirty dollars per month or show cause. The final judgment was simply that the writ be made peremptory. As to the payment the judgment is erroneous. The refusal of the board to exercise discretion neither vested the court with the discretion nor entitled plaintiff to the maximum. The mandate should have been to act.

The demurrer was properly overruled, but for the last mentioned reason the judgment is amended and it is ordered that the cause be considered by the board, its discretion exercised as demanded by statute, and disposition be made accordingly.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE BAKKE concur.