No. 20,118.

DOMINIC LEONE CONSTRUCTION COMPANY *v.* DISTRICT
COURT OF LAS ANIMAS COUNTY AND
HON. JOHN N. MABRY, JUDGE.
(370 P. [2d] 759)

Decided April 16, 1962.

Messrs. PHELPS, FONDA & HAYS, for petitioner.

Respondents return, pro se.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

THE petitioner herein will be referred to as Leone and the respondents as the court.

Leone was defendant in the trial court in Civil Action No. 19,712 brought by Leo and Margaret O. Lucero for alleged negligence which it is asserted resulted in the death of their daughter. Service of process was had on or about August 11, 1961, with Leone entering its appear-

ance on August 23rd by way of a motion to strike followed by an interrogatory on September 6, 1961. Following hearing the motion was taken under advisement and after correction by Leone a response to the interrogatory was filed in due course. On December 1, 1961, Leone filed its motion for a change of judge in accordance with R.C.P. Colo. Rule 97, the pertinent parts of which read:

"Upon motion a judge shall be disqualified in an action if he is interested or prejudiced, or is related to or has been of counsel for any party, or is related to counsel for any party. Such motion shall be supported by affidavit and thereupon all other proceedings in the case shall be suspended until a ruling is made thereon. If the motion is sustained the court, within 10 days thereafter, shall call in another judge * * *."

On December 4, 1961, the court issued its ruling denying the motion to strike and ordering Leone to answer within 15 days. On December 12 Leone issued its notice for hearing on its motion for change of judge to be heard December 15th and answer was filed December 13th. On the 15th the court after hearing and first commenting on the status of the pleading stated:

" * * * on December 4th, the Court ruled on those motions.

"On December 1st, a motion for change of judge was filed under the statute on account of relationship with one of counsel. That is a statutory (later corrected to Rule 97) proceeding, and normally well taken. However, in this case, the Court at this time will not rule upon that motion until this matter is at issue, and then you may raise it again without prejudice * * *. You came into the forum, you filed your motions, you argued the matter, and submitted yourself to the jurisdiction of the court * * * the rights under that (rule) are to be exercised * * * within a reasonable time. * * * I am not ruling upon the matter, and shall not until the matter is at issue. At that time I will very probably grant your motion without any further move by you * * *."

Following the above action Leone filed its Original Proceedings in this court seeking to suspend all further proceedings in the trial court and to secure an order granting a change of judge as requested. The rule has issued and respondents' answer has been filed.

■ From the record now before us it appears that the motion to disqualify the trial judge was filed more than three months after counsel entered their appearance in the case. The grounds now claimed for disqualification were then known to counsel for defendant, notwithstanding which they filed motions and initiated proceedings concerned with the merits of the action. Better practice dictates that a motion to disqualify be filed promptly when the grounds are known. See *Aaberg v. District Court,* 136 Colo. 525, 319 P. (2d) 491.

■ Upon filing of the motion to disqualify, then "thereupon all other proceedings in the case * * * (were) suspended until * * * (the) ruling * * * (was) made thereon."

The rule is, therefore, made absolute in part and the trial court is ordered to suspend all proceedings other than to rule upon the motion to disqualify; in all other respects the relief requested is denied.

Mr. Justice Hall not participating.