No. 24108.

SHARON A. BROUWER *v.* THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE STATE OF COLORADO AND THE HONORABLE ROSCOE PILE, ONE OF THE JUDGES THEREIN.
(455 P.2d 207)

Decided June 9, 1969.

304

ALPERSTEIN and PLAUT P.C., ROBERT G. BUSCH, for petitioner.

STORMO and CLOSE, VALENTINE W. LOGAN, for respondents.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

THIS is an original proceeding under R.C.P. Colo. 116 for relief in the nature of prohibition. We issued a rule to show cause and an answer has been filed thereto.

There is involved before the district court of Jefferson County the matter of custody of Vicki Jane, the three-year old daughter of the petitioner and Harley M. Brouwer. While the petitioner has remarried and her surname is now Jesse, in all pleadings before us she has used the name Brouwer and we will refer to her as Mrs. Brouwer

or the petitioner. We will refer to Harley M. Brouwer as Mr. Brouwer.

On June 28, 1968 the Juvenile Court of Minnehaha County, South Dakota, having jurisdiction over Vicki Jane, entered an order from which the following appears: Mr. and Mrs. Burgers, the parents of Mrs. Brouwer, filed a dependency proceeding in that court in November, 1966, alleging that Mr. Brouwer was in the South Dakota State Penitentiary and that the whereabouts of Mrs. Brouwer was unknown. At that time the court appointed the Burgers as temporary co-guardians of Vicki Jane. In December, 1967 the Burgers filed a petition in that court for the adoption of Vicki Jane, and the matter was continued by the court for six months. In June, 1968 Mr. and Mrs. Burgers and Mr. and Mrs. Brouwer were before that court and it was ordered that Vicki Jane "be deemed a full ward of this Court," that the director of the South Dakota State Division of Child Welfare "is hereby named guardian of said child with full rights to place her for adoption and to consent to said adoption." The adoption matter was ordered adjourned until June 27, 1969, and it was further ordered that Vicki Jane remain in the custody of Mr. and Mrs. Burgers with Mr. Brouwer having the right "to visitation and custody of said child on alternate weekends * * *."

Mrs. Brouwer commenced an action of divorce against Mr. Brouwer in the district court of Jefferson County, Colorado on or about July 28, 1967. Presumably, Vicki Jane remained in South Dakota with Mr. and Mrs. Burgers until about February 18, 1969 when Mrs. Burgers brought the child to Mrs. Brouwer's residence in Jefferson County, Colorado. On March 4, 1969 Mrs. Brouwer filed in the divorce action a motion for custody of Vicki Jane which stated as the sole grounds that Mrs. Brouwer "is a fit and proper person to have such custody, and awarding custody of the child to the plaintiff would be in the best interest of the child." This motion was set down for hearing on March 24th. On the latter date Mr.

Brouwer filed a petition for a writ of habeas corpus under which it was sought to have Vicki Jane delivered to "the custody and control of petitioner [Mr. Brouwer] and Guardian."

On March 24th, in addition to counsel and the child's parents, there appeared in court a deputy sheriff from South Dakota bearing some sort of order for him to return Vicki Jane to that state. After colloquy between court and counsel the hearing was recessed until the following morning.

When the hearing resumed the following day, counsel for Mrs. Brouwer tendered a motion under R.C.P. Colo. 97 for change of judge upon the ground of prejudice. The court denied this motion immediately without giving counsel an opportunity to be heard on it. It was stipulated that the aforementioned South Dakota order of June 28, 1968 was before the court. The balance of the hearing consisted of arguments presented by counsel, observations made by the court, conversations between the court and Mrs. Brouwer and the court's orders. At the hearing counsel for Mrs. Brouwer indicated that the testimony would be to the effect that Mrs. Burgers had abandoned Vicki Jane after she brought her to Colorado.

Counsel for Mrs. Brouwer asked that a hearing date as to the writ of habeas corpus be set and the court replied, "We have had the hearing on the writ. * * * I have granted the writ of habeas corpus and ordered that Dakota decree be enforced."

The following is from the minute order of the court:
"Motion for change of judge is ordered denied.
"The Court finds that there is a valid and existing South Dakota court order for the custody of the child in this case.
"The Court orders the child be remanded to the South Dakota Court for further action.
"The Court grants the writ of habeas corpus and orders the writ enforced;
"The Court orders a stay of execution until March 31,

1969 and orders a $1000.00 cash or corporate bond be posted with the Clerk of the District Court for assurance of compliance with court orders by plaintiff. The Court orders that the bond stay in the court until such time as the Court in South Dakota notifies this Court that the child has been returned to the jurisdiction and control of the South Dakota Court at which time the bond will be released."

The court stated:

"I certainly agree * * * that if the child is in this state and abandoned the Court has an obligation to make appropriate orders to see to its welfare. * * * The Court feels that the appropriate orders in this case would be to remand the child to the custody of the South Dakota court and that they take appropriate action for its care and custody and welfare, and I am going to so order that. * * * if there's any discretion at all — I think, first of all, there's no discretion on my part — I will remand it there. I think, if there is discretion, I will remand it."

Mrs. Brouwer urges that the court is proceeding without jurisdiction for the following reasons:

1. It did not permit a hearing on the motion to disqualify the judge;

2. It did not permit evidence to be offered to establish its jurisdiction to hear the custody matter; and

3. That it was not in compliance with statutory requirements with respect to habeas corpus.

### I.

### The Motion for Change of Judge

The petitioner complains that the motion for change of judge was denied without a hearing and therefore the judge lost jurisdiction. R.C.P. Colo. 97 does not require a hearing on such a motion but rather requires that all other proceedings in the case shall be suspended until a ruling is made thereon. The court ruled thereon and, therefore, it did not lose jurisdiction to proceed.

## II.

### *The Motion For Custody*

It is the general rule that a Colorado court should not take jurisdiction to modify an award of custody of a child made by a court of a sister state. To this rule there are two exceptions: (1) When the domicile is changed to Colorado and, since the entry of the decree of the court of the sister state, there have been changes of condition which affect the welfare of the child and form a basis for change of custody; and (2) the right of a state as *parens patriae* to protect any child within its borders. *Fahrenbruch v. The People ex rel. Taber,* 169 Colo. 70, 453 P.2d 601. *McMillan v. McMillan,* 114 Colo. 247, 158 P.2d 444.

The trial court indicated that the motion did not present the matter of a change of domicile to Colorado nor of a change of condition. We do not pass on this as it is not a ruling beyond the jurisdiction of the court. It would seem that the right of the state as *parens patriae* cannot be urged in a divorce action. This point has not been argued and we do not pass on it. The matter properly before us is that the court took the position that its only jurisdiction under the motion for change of custody was to "remand" the child back to South Dakota. A Colorado court, under a motion by a Colorado resident for change of custody, obviously does not have jurisdiction to order the child to another state. We hold that the court had no jurisdiction under the motion for change of custody to order the child to be taken to South Dakota.

## III.

### *Habeas Corpus*

The only remaining source of jurisdiction the court might have to order the "remand" of the child would be under the habeas corpus proceeding. All that happened in that connection was the filing of a petition for a writ of habeas corpus and the granting of the relief requested without compliance with the necessary steps

set forth in the statute, *i.e.*, to have the issuance of the writ, the execution of the writ, the setting of a time for future hearing and the hearing. The only hearing that was held consisted of colloquy among court, counsel, the parties and the South Dakota deputy sheriff. There was no testimony and, with the exception of the stipulation as to the South Dakota decree, no exhibits were admitted in evidence. The court clearly proceeded without jurisdiction under C.R.S. 1963, 65-1-1 *et seq.*

Any further proceedings under the petition for a writ of habeas corpus must be in compliance with statute. We do not pass on whether Mr. Brouwer, rather than South Dakota authorities or the Burgers, has standing to prosecute the habeas corpus proceedings.

The rule heretofore issued is now made absolute and the respondents are directed to vacate the orders relating to the return of the child to South Dakota.