476 P.2d 295 (1970)
John BROWN, Plaintiff in Error,
v.
J. Richard BARNES, Commissioner of Insurance, Department of Insurance of the State of Colorado, Defendant in Error.
No. 70-363. (Supreme Court No. 23630.)
Colorado Court of Appeals, Division I.
October 27, 1970.
Herbert A. Shatz, Denver, for plaintiff in error.
Duke W. Dunbar, Atty. Gen., John P. Moore, Deputy Atty. Gen., Harold L. Neufeld, Asst. Atty. Gen., for defendant in error.
Selected for Official Publication.
COYTE, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
*296 This appeal involves the propriety of the trial court's order dismissing plaintiff's suit seeking an order in the nature of mandamus under R.C.P.Colo. 106(a) (2) against the defendant, the Commissioner of Insurance for the State of Colorado, hereafter referred to as the "Commissioner."
Plaintiff was involved in an automobile accident. Suit was filed against him in which exemplary damages were demanded. He had a standard automobile insurance policy. His insurance company advised that it would not pay exemplary damages on any judgment obtained against him. He thereupon sought a ruling from the Commissioner on the question of whether his policy of insurance covered exemplary damages. Upon refusal by the Commissioner to supply him with this information, plaintiff sought to compel the Commissioner to hold a hearing for the purpose of determining whether or not exemplary damages were included within the coverage of his automobile insurance policy. Defendant has resisted this suit on the ground that mandamus is inappropriate under the circumstances.
Relief in the nature of mandamus to compel a public official to perform an act is narrowly interpreted. Such relief will be granted only in cases where the act is administrative in nature and a clear legal duty exists under a statute to perform this act. People ex rel. Albright v. Board of Trustees of Firemen's Pension Fund, 103 Colo. 1, 82 P.2d 765. If the act sought to be compelled is one involving the exercise of discretion on the part of the official, or requiring a choice between alternative courses of action, then such relief will be denied. State ex rel. Holmes v. Peck, 92 Colo. 224, 19 P.2d 217.
Plaintiff has based his claim for mandamus upon C.R.S. 1963, 72-12-4, which requires that each insurer shall file with the Commissioner of Insurance a rating plan which shall state the character and extent of coverage for the policy to be issued.
This is not an action to compel the Commissioner to give due consideration to all prospective losses, such as exemplary damages, in establishing the rates for insurance. C.R.S. 1963, 72-12-3. Under this section the Commissioner has a clear legal duty to consider such potential losses when he establishes the rates for insurance.
Rather, plaintiff seeks to compel the Commissioner under C.R.S. 1963, 72-12-4, to hold a hearing to determine if the rates, as now existing, cover exemplary damages. Such an action is in effect an attempt to force the Commissioner to make a determination as to the scope and effect of a particular insurance policy.
We note that C.R.S. 1963, 72-12-4 is but a requirement that an insurer file with the Commissioner its rating plans, classification, scope and extent of coverage. It does not require the Commissioner automatically to hold hearings on these matters. In fact, this section states:
"(2) (a) Every filing shall state the proposed effective date thereof, and shall indicate the character and extent of the coverage contemplated. When a filing is not accompanied by the information upon which the insurer supports the filing and the commissioner does not have sufficient information to determine whether the filing meets the requirements of this chapter, he shall within fifteen days after the date of filing require the insurer to furnish the information upon which it supports the filing * * *."
Thus, under this section the Commissioner must determine if the data furnished is sufficient to indicate the scope and coverage of the policy to be issued.
We do not find from a reading of C.R.S. 1963, 72-12-4, or C.R.S. 1963, 72-12-5, any clear legal duty on the part of the Commissioner to hold hearings when requested by a policyholder concerning the scope and extent of coverage. Rather, as Section 72-12-4(2) (a) makes clear, the Commissioner may require additional information to be filed concerning the scope and coverage of the particular policy, if he determines that the original filing is not complete with the required information. Under Section 72-12-5(3), *297 it is within his discretion to hold public hearings on this filing, if he determines it to be within the public interest to hold such hearings. Hearings, therefore, are a matter of discretion not absolutely required by the statute.
The effect of this court issuing a mandamus under these circumstances would be to require the Commissioner to find that the filing is defective, and that the public interest requires hearings on this matter. These are matters within the discretionary function of the Commissioner and therefore cannot be compelled under R.C.P. Colo. 106(a) (2).
Judgment affirmed.
SILVERSTEIN, C. J., and DUFFORD, J., concur.