## No. 28162

**City of Trinidad, Colorado v. The District Court in and for the County of Las Animas, State of Colorado, and the Honorable Dean C. Mabry, one of the Judges thereof, and Frank Zehna, Clerk of the District Court**

(581 P.2d 304)

Decided July 17, 1978.

The Law Firm of Leonard M. Chesler, Earl S. Wylder, for petitioner.

Clark, Martin and Pringle, Bruce D. Pringle, for respondents.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

This is an original proceeding in the nature of mandamus brought pursuant to C.A.R. 21. We issued a Rule to Show Cause which we now make absolute in part and discharge in part.

Joseph Montera and Nick DeBono filed suit against petitioner, the City of Trinidad, seeking, *inter alia,* compensatory and punitive damages. The City was served with a summons and complaint on March 31, 1978. On April 24, 1978, without filing an answer, the City filed a motion to disqualify the judge, the Honorable Dean C. Mabry, one of the respondents herein. This had the effect, as a matter of law, of suspending any further proceedings until the judge ruled on the motion to disqualify. C.R.C.P. 97; *see Brouwer v. District Court,* 169 Colo. 303, 455 P.2d 207 (1969).

On April 25, 1978, counsel for Montera and DeBono requested Frank Zehna, Clerk of the District Court of Las Animas County and respondent herein, to enter a default against the City, pursuant to C.R.C.P. 55(a), because of the City's failure to file any answer or responsive pleading. The Clerk entered a default on April 28, 1978.[1]

Counsel for the City became aware of the default on May 3, 1978, and realized he was on the horns of a dilemma. Counsel could not file a motion to vacate the default,[2] until the trial judge ruled on the motion to disqualify, for fear of waiving the City's right to pursue the disqualification of the judge. *Dominic Leone Construction Co. v. District Court,* 150 Colo. 47, 370 P.2d 759 (1962); *Aaberg v. District Court,* 136 Colo. 525, 319 P.2d 491 (1957). A delay in filing a motion to vacate, however, is a ground for a refusal to set aside the default. *See Ehrlinger v. Parker,* 137 Colo. 514, 327 P.2d 267 (1958).

---

[1] The default is not final because judgment has not been entered on the default.
[2] C.R.C.P. 55(c).

Counsel for the City then filed its petition for a writ in the nature of mandamus in this court, (1) seeking an order directing the trial court to rule on the motion for disqualification and (2) seeking an order directing the Clerk of the District Court of Las Animas County to vacate the entry of default. We issued a rule to show cause why the relief sought should not be granted. We now make the rule absolute as to part (1) of the relief sought by the City against the respondent judge and discharge the rule as to the respondent clerk, part (2).

The respondent judge must initially rule on the disqualification motion. If he fails to rule, a writ in the nature of mandamus is a proper remedy. *Potter v. Anderson,* 155 Colo. 25, 392 P.2d 650 (1964).

A rule in the nature of mandamus ordering the vacation of the default is not properly postured for disposition at this time. Such a motion is addressed to the sound discretion of the trial judge, *Ehrlinger v. Parker, supra.* It should be considered by the judge who will try the case, if it is to be tried, whether it is the respondent or another judge who may or may not replace him. It is not a ministerial function, and therefore, mandamus will not lie. *Ahern v. Baker,* 148 Colo. 408, 366 P.2d 366 (1961); *Brown v. Barnes,* 28 Colo. App. 593, 476 P.2d 295 (1970). If the City files a motion pursuant to C.R.C.P. 55(c) and is dissatisfied with the trial court's ruling, it may appeal. *Stiger v. District Court,* 188 Colo. 407, 535 P.2d 508 (1975).

The rule is made absolute as to part (1) and discharged as to part (2) and remanded to the respondent court for further proceedings consonant with the views expressed herein.

MR. JUSTICE GROVES and MR. CHIEF JUSTICE PRINGLE do not participate.