Ken REEVE, Dan Archuleta, Jan Sanders, Ray Norris and Les Clark, Plaintiffs-Appellants,

v.

The CAREER SERVICE BOARD OF the CITY AND COUNTY OF DENVER, and Alfred Wood, Leo Cardenas, Francis Salter, Richard Hartman, and Marilyn Rossmiller, The Department of Health and Hospitals of the City and County of Denver, Dr. Abraham J. Kauvar, Manager of the Hospitals of the City and County of Denver, and the City and County of Denver, a Municipal corporation, Defendants-Appellees.

No. 80CA1144.

Colorado Court of Appeals, Div. II.

July 23, 1981.

Rehearing Denied Sept. 17, 1981.

Francis K. Culkin, Denver, for plaintiffs-appellants.

Max P. Zall, City Atty., Stan M. Sharoff, Asst. City Atty., Denver, for defendants-appellees.

STERNBERG, Judge.

Paramedics who are employees of the Denver Career Service appeal the trial court's dismissal of their claim, asserting that they are entitled to relief in the nature of mandamus and certiorari review of certain actions of the Denver Career Service Board regarding their classification and pay. We affirm.

The Career Service Authority undertook a periodic review of positions classified as Ambulance Attendants I, II, and III. As a result of this review, new job titles (paramedics) were proposed and class specifications were revised. No salary changes were recommended. A classification notice outlining the Career Service Authority's recommendations was posted, stating that individuals affected would have the opportunity to appear before the Career Service Board regarding the proposed modifications.

At this public hearing, the paramedics and several witnesses appearing on their behalf addressed the board. They asserted that, if the Career Service Authority's recommendation were implemented, there would be a violation of the *Denver City Charter* § C5–26, which requires that Career Service employees be paid "like pay for like work" and be compensated at "prevailing rates." The paramedics asserted that the class specifications, as modified, did not accurately describe their work and, therefore, provided an erroneous basis for comparison with other classifications, especially

nurses. They further maintained that a salary survey, upon which prevailing rates were based, should have reflected national and regional data or, at least, additional local market information.

The board adopted the changes proposed by the authority and, on the board's recommendation, the Denver City Council enacted an ordinance incorporating the modified class specification with no change in pay. The paramedics then sought judicial review of the board's action and the trial court dismissed their claim as moot. From this judgment of dismissal, the paramedics appeal, asserting only that they were entitled to relief under C.R.C.P. 106. We do not agree and, therefore, affirm.

I.

We agree with the trial court's conclusion that passage of the ordinance by the city council rendered the issue moot. As pertinent here, *Denver City Charter* § C5–26 states:

"The City Council annually shall by ordinance enact, after annual recommendations made by the Career Service Authority, classification and pay plans for all positions in the Career Service .... The pay rates shall be equal to generally prevailing rates in the Denver metropolitan area as determined by the Career Service Authority and shall provide like pay for like work."

Although the Career Service Authority makes the initial determination of prevailing rates and the city council is required to pay prevailing rates and like pay for like work, the classification and pay plans must be enacted by ordinance. Impliedly, the city council may reject a recommendation of the Career Service Authority which, in its view, violates the charter and direct the Career Service Authority to revise its recommendation. This interpretation of § C5–26 is consistent with the general rule that the setting of salaries is a legislative function. *See Greeley Police Union v. City Council*, 191 Colo. 419, 553 P.2d 790 (1976).

Although legislative action taken by the city council rendered the challenge

to the board's action moot, *Londoner v. City & County of Denver*, 52 Colo. 15, 119 P. 156 (1911), the substantive legal question regarding availability of relief under C.R.C.P. 106 eludes judicial review in that the time required to complete the legal process will necessarily render each such controversy moot. Thus, we address the issues presented here to establish a precedent for future cases. *Rocky Mountain Ass'n of Credit Management v. District Court*, 193 Colo. 344, 565 P.2d 1345 (1977).

II.

Even where compensation is actually set by the municipality's governing body, establishment of prevailing rates as an incident to fixing salaries is a quasi-legislative rather than a judicial or quasi-judicial function. 4 *E. McQuillin, Municipal Corporations* § 12.177(f) (3d ed. 1979). Because review under C.R.C.P. 106(a)(4) is limited to review of judicial or quasi-judicial acts, *Snyder v. City of Lakewood*, 189 Colo. 421, 542 P.2d 371 (1975), there was no basis for jurisdiction under C.R.C.P. 106(a)(4).

III.

Moreover, where, as here, acts sought to be compelled involve the exercise of discretion or require a choice between alternative courses of action, relief in the nature of mandamus will not lie. *Brown v. Barnes*, 28 Colo.App. 593, 476 P.2d 295 (1970). Career Service Authority Rule 3–43 indicates that preparation of a class specification requires determination of "the characteristic duties, responsibilities and qualification requirements which distinguish a given class from other classes." Rules 6–21 and 6–22 predicate determination of the prevailing rate upon selection of the appropriate labor market to be surveyed and Rule 6–21 requires a survey of "a *representative* sample of employees for a *selected* sample of classes of work." (emphasis added) The rules indicate that the exercise of discretion is necessary, and, therefore, the board cannot be compelled to revise the

class specifications or redo the salary survey under C.R.C.P. 106(a)(2).

The judgment is affirmed.

PIERCE and TURSI, JJ., concur.