Emma **AMICHAUX,** Cornelius A. **Betz,** Alex **Creton,** Dr. F.D. **Law,** John L. **Peterson,** Mildred A. **Peterson,** Robert V. **Raymond,** Clayton L. **Simmons,** Muriel M. **Stewart,** and Jack **Zimmerer,** Plaintiffs–Appellants,

v.

The **BOARD OF TRUSTEES OF the COLORADO MOUNTAIN JUNIOR COLLEGE DISTRICT,** Defendant–Appellee.

No. 89CA1986.

Colorado Court of Appeals, Div. A.

Sept. 13, 1990.

Rehearing Denied Oct. 11, 1990.

Charles M. Stoddard, Glenwood Springs, for plaintiffs-appellants.

Beattie & Chadwick, Steven M. Beattie, Glen D. Chadwick, Glenwood Springs, for defendant-appellee.

Opinion by Judge ROTHENBERG.

Plaintiffs, who are registered electors in the Colorado Mountain Junior College Dis-

trict, appeal the trial court's denial of their request for mandamus and the entry of summary judgment in favor of defendant, The Board of Trustees of the Colorado Mountain Junior College District. We reverse and remand with directions.

Colorado Mountain College (CMC) is one of four independent junior colleges organized under the Junior College Organization Act, § 23–71–101, et seq., C.R.S. (1988 Repl.Vol. 9). CMC's district includes six counties in Western Colorado, and is governed by a seven-member Board of Trustees elected from that district (the Board). The Board has the powers and duties specified in §§ 23–71–122 and 23–71–123, C.R.S. (1988 Repl.Vol. 9).

CMC is not part of the state system of junior colleges. Rather, state system colleges are established under § 23–60–101, et seq., C.R.S. (1988 Repl.Vol. 9) and are governed by the State Board for Community Colleges and Occupational Education.

In June of 1989, plaintiffs presented a petition to the Board signed by more than 500 registered electors of CMC's district. The petition stated:

"Pursuant to 23–71–203, CRS, We, the undersigned registered electors of CMC desiring that CMC become a part of the State system, petition the Board to submit to the Colorado State Board for Community Colleges and Occupational Education a plan of dissolution, together with a detailed report of the finances and programs of CMC, as required by said statute, and, if such plan is approved as provided by said statute, to call a special election at which the electors of CMC may vote on the question: Shall the Colorado Mountain Junior College District be dissolved, all assets transferred to the State Board for Community Colleges and Occupational Education and provision made for meeting all liabilities as provided in the plan of dissolution by (a specified date), *otherwise to submit a plan of dissolution to the qualified electors of CMC at a special election held for that purpose as provided by 23–71–129, CRS.*" (emphasis added)

The CMC Board met and rejected the petition as ambiguous and insufficient. The plaintiffs then filed this action pursuant to C.R.C.P. 106(a)(2) seeking an order in the nature of mandamus to compel the Board to act upon their petition. Both sides viewed the material facts as undisputed and moved for summary judgment. The trial court denied the plaintiffs' request for mandamus and granted the Board's motion for summary judgment. We find error in the trial court's refusal to order mandamus.

## II

*In Sherman v. City of Colorado Springs Planning Commission,* 763 P.2d 292, 295 (Colo.1988), our supreme court stated:

"Mandamus is an extraordinary remedy which may be used to compel performance by public officials of a plain legal duty devolving upon them by virtue of their office or which the law enjoins as a duty resulting from the office. *Potter v. Anderson,* 155 Colo. 25, 392 P.2d 650 (1964)....

*In Gramiger v. Crowley,* 660 P.2d 1279 (Colo.1983), we established a three-part test which must be satisfied before the court will issue mandamus: (1) The plaintiff must have a clear right to the relief sought; (2) the defendant must have a clear duty to perform the act requested; and (3) there must be no other available remedy."

The petition here consists of one long sentence requesting two forms of relief and referring to two different statutes.

■ Initially, plaintiffs ask the Board to submit a "plan of dissolution" pursuant to § 23–71–*203*, C.R.S. (1988 Repl.Vol. 9). That code section establishes a procedure by which a junior college district like CMC may join the State system. Also it allows registered electors to petition the Board and, by petition, to impose a duty upon the Board to submit a plan of dissolution. Section 23–71–203(2)(a), C.R.S. (1988 Repl.Vol. 9).

The Board concedes that, under the first alternative requested in the petition, the signators to the petition have a clear right to the relief sought and the Board has a clear statutory duty to develop and submit a plan of dissolution. *See Gramiger v. Crowley, supra.*

However, in the last part of the petition beginning with "otherwise," the petition alternatively asks the Board to adopt and implement a "plan of dissolution" pursuant to § 23–71–*129.* This code section provides a mechanism for termination of the existence of a junior college district such as CMC and for liquidation of its assets. Section 23–71–129, does not provide for a petitioning process and it imposes no duty upon the Board. Hence, as to that section, the decision whether to liquidate CMC's assets and close the college rests within the sole discretion of the Board.

The plaintiffs concede that the relief sought in the latter part of the petition does not support their claim for mandamus since it involves the exercise of the Board's discretion.

In denying the electors any relief, the trial court understandably relied upon language in *Brown v. Barnes,* 28 Colo.App. 593, 476 P.2d 295, 296 (1970). There we stated that: "[I]f the act sought to be compelled is one involving the exercise of discretion ... or requiring a choice between alternative courses of action, then [mandamus] will be denied."

However, *Brown* is factually distinguishable. There, plaintiff sought to compel the Commissioner of Insurance to decide whether plaintiff's insurance policy covered exemplary damages. This court held that mandamus was inappropriate because the commissioner's decision whether to hold hearings and decide the issue was discretionary. *See also Reeve v. Career Service Board,* 636 P.2d 1307 (Colo.App.1981) (discretionary act involved).

The issue now before us was not decided in *Brown.* That is, when plaintiffs in a mandamus action ask for relief to which they are clearly entitled and *also* ask for relief which they cannot obtain, is their entire petition insufficient or are they entitled to mandamus based on a portion of their petition?

Two early mandamus cases decided by our supreme court discuss this issue. In *School District No. 1 v. School District No. 7,* 33 Colo. 43, 78 P. 690, 692 (1904), the court said:

"[I]f the petitioner [seeking mandamus] is entitled to some kind of relief which was included in his prayer, he should receive it, and the necessary amendments in pleadings and processes may be made to conform thereto."

*See also Colorado Public Welfare Board v. Viles,* 105 Colo. 62, 94 P.2d 713 (1939) (court will look at the substance of a petition for mandamus and is not controlled by the prayer).

Although these are old cases, their rationale has been affirmed in more modern cases from other jurisdictions.

In *People v. Kerner,* 32 Ill.2d 539, 208 N.E.2d 561 (1965), the Illinois Supreme Court decided the exact issue and ruled that petitioner there *was* entitled to a writ of mandamus. The court said:

"Merely because a petitioner has asked for relief which he cannot obtain does not render the mandamus petition insufficient where he has also asked for some relief which he shows himself clearly entitled to receive."

*Accord Jimmy Davis, Inc. v. Downey,* 440 So.2d 916 (La.App.1983).

We therefore hold that the trial court erred in denying plaintiffs' request for a writ of mandamus and for summary judgment, since part of the petition at issue unquestionably entitled them to relief. The "otherwise" portion of the petition should be treated as surplusage.

The judgment is reversed, and the cause is remanded to the trial court with directions to enter judgment in accordance with this opinion.

STERNBERG, C.J., and NEY J., concur.