**In the Matter of the ESTATE OF Helen L. BINFORD, Appellee,**

v.

**LaVerne GIBSON, Appellant.**

No. 91CA0535.

Colorado Court of Appeals, Div. V.

July 30, 1992.

Rehearing Denied Sept. 24, 1992.

Fowler, Schimberg & Cowman, P.C., Daniel M. Fowler, Denver, for appellee.

Donald B. Huntzinger, Grand Junction, for appellant.

Opinion by Judge RULAND.

LaVerne Gibson appeals from a judgment of the probate court ordering the payment of certain claims and ordering the final distribution of the Helen L. Binford Estate. We dismiss the appeal in part and affirm in part.

In 1986, Gibson moved to Denver to care for her ailing mother, Binford. Thereafter, Binford executed a trust agreement pursuant to which she transferred substantially all of her liquid assets to Gibson as trustee. The agreement provided that Gibson was to receive from the trust monthly payments of $1,128, in exchange for her services in caring for Binford.

In March 1987, Beverly Lunnon, Binford's other daughter, filed petitions in the probate court requesting that the trust agreement be set aside and that she be named conservator of the Binford Estate. After finding that Gibson had exerted undue influence upon Binford in creating the trust, the probate court set aside the agreement.

The court then appointed Lunnon as conservator and ordered her to conduct an inventory and an accounting. The court also ordered Lunnon to report her recommendations concerning the partial or the total refunding of disbursements received by Gibson under the trust agreement.

In March 1988, Lunnon submitted her initial inventory and financial plan to the court. In that report, Lunnon recommended that Gibson be required to refund $24,794.16 to the Binford Estate. *See* § 15–14–428(4), C.R.S. (1991 Cum.Supp.). Lunnon also recommended that Gibson be paid a monthly salary of $295 for the care she had given and was to give to Binford. However, Lunnon proposed that the salary be credited against the debt owed by Gibson to the Estate.

Thereafter, Lunnon filed a revised inventory and financial report which incorporated the same recommendation relative to Gibson's indebtedness to the Estate.

In July 1988, the court issued an order which was captioned "Advisory Opinion" and which addressed various issues. Despite this caption, however, the opinion recites that it contains a "single formal ruling." Specifically, the court ruled that the conservator's "revised" financial plan was approved.

Binford subsequently died and her will was admitted to probate. In November 1990, a final hearing was held in both the conservatorship and probate proceedings. At that hearing, the court declined to reconsider its July 1988 ruling concerning Gibson's indebtedness to and compensation from the Estate. The court then awarded $4,000 to Lunnon for services rendered in her capacity as conservator.

Gibson filed a post-hearing motion to modify the order. That motion asked the court, among other things, to recuse alleging prejudice against Gibson. The probate court denied the motion.

### I.

Gibson contends that the probate court erred in refusing, at the November 1990 hearing, to reconsider both her indebtedness to the Estate and the amount of her monthly compensation for 1987 and 1988. We conclude, however, that Gibson's appeal as to this issue is not timely.

Pursuant to § 15–10–308, C.R.S. (1987 Repl.Vol. 6B) and C.A.R. 1(a), final judgments of the probate courts are reviewable on appeal. To perfect an appeal,

a notice of appeal must be filed within 45 days from the date final judgment is entered. *See* C.A.R. 4(a).

Since the Colorado Probate Code furnishes no guidance as to which probate court orders are deemed final for purposes of review, *In re Estate of Franchs*, 722 P.2d 422 (Colo.App.1986), this determination must be made on a case-by-case basis. *See In re Estate of Peekus*, 106 Mich.App. 268, 307 N.W.2d 469 (1981); *cf. In re Estate of Franchs, supra.*

■ The test for determining finality is whether an order disposes of and is conclusive of the controverted claim for which that part of the proceeding was brought. *See In re Estate of Dodge*, 685 P.2d 260 (Colo.App.1984). If the order merely leads to further hearings on the same issue, it is interlocutory. *See In re Estate of Wright*, 676 S.W.2d 161 (Tex.App.1984). If, on the other hand, additional hearings are not required, the order is final and appealable even though other aspects of the administration of an estate remain for disposition. *See In re Estate of Kime*, 95 Ill.App.3d 262, 50 Ill.Dec. 797, 419 N.E.2d 1246 (1981).

■ Here, because the court's July 1988 order completely determined the issues of Gibson's indebtedness to and compensation from the Estate for 1987 and 1988, we conclude that it was a final judgment on those issues. *Cf. In re Estate of Benney*, 790 P.2d 319 (Colo.1990) (appeal from order of probate court determining state's claim for recoupment of funds); *In re Alperstein v. Sherwood International, Inc.*, 778 P.2d 279 (Colo.App.1989) (appeal from order of probate court denying creditor's claim). Accordingly, since Gibson did not file a notice of appeal within the applicable time limit, we lack jurisdiction to consider these issues.

Contrary to Gibson's contention, the July 1988 order was not rendered interlocutory simply because the probate court retained jurisdiction later to modify her rate of compensation pursuant to § 15–14–402(1)(b), C.R.S. (1987 Repl.Vol. 6B). Any modification would be based upon financial considerations occurring after entry of the original order and, as a result, do not affect the finality of the original order.

## II.

■ Next, Gibson contends that the probate court abused its discretion in determining the amount of compensation to be awarded the conservator in its November 1990 order. Specifically, Gibson argues that there was insufficient evidence to support a determination that the conservator was entitled to $4,000 in compensation. We disagree.

Under § 15–14–414, C.R.S. (1991 Cum. Supp.), any conservator appointed in a protective proceeding, who was not otherwise compensated, is entitled to reasonable compensation from the estate. Since that statute does not fix the amount of compensation to be granted, the determination of the amount of the allowance is within the sound discretion of the probate court. Absent an abuse of discretion, the award will not be overturned on appeal. *See In re Conservatorship of Mansur*, 367 N.W.2d 550 (Minn.App.1985).

Here, the probate court ruled that there was insufficient evidence supporting Lunnon's claim that she worked as conservator an average of 35 hours a month, for a total of $7,735. However, based upon testimony as to her activities as conservator, a review of the court's file relative to preparation of accountings as well as preparation for and court appearances, the court found that a reasonable fee was $4,000. There is sufficient record support for this finding, and thus, we find no abuse of discretion.

Contrary to Gibson's contention, we need not consider the court's bench comments in resolving this issue in view of its later written findings which reflect the basis for its decision. *See Koontz v. Rosener*, 787 P.2d 192 (Colo.App.1989).

## III.

■ Last, Gibson claims that the probate court erred in not ordering a rehearing in response to her motion for modification of the November 1990 order because of allegations of prejudice. Gibson's motion was based substantially on bench comments by the court in January 1988. We conclude that Gibson has waived this objection.

Even though C.R.C.P. 97 does not fix the time within which a motion for disqualification should be filed, *see Zoline v. Telluride Lodge Ass'n,* 732 P.2d 635 (Colo.1987), the motion should nonetheless be filed promptly after grounds for recusal are known. *Dominic Leone Construction Co. v. District Court,* 150 Colo. 47, 370 P.2d 759 (1962). And, depending on the circumstances, a C.R.C.P. 97 motion is waived if it is not timely filed. *See* C.R.C.P. 98(k); *Zoline v. Telluride Lodge Ass'n, supra; Johnson v. District Court,* 674 P.2d 952 (Colo.1984).

Here, Gibson waited until two years of legal proceedings had taken place, following the challenged bench comments, before seeking recusal. Hence, without addressing whether the request has any legal merit, we conclude that the motion was untimely. *See Bishop & Co. v. Cuomo,* 799 P.2d 444 (Colo.App.1990).

The appeal of the July 1988 order is dismissed. Otherwise, the judgment is affirmed.

NEY and ENOCH,* JJ., concur.