4 P.3d 504 (2000)
In the Matter of the ESTATE OF Arthur Robert BELL, Deceased.
Melisa Large and Luther Large, Appellants,
v.
Robert A. Bell, Personal Representative-Appellee.
No. 99CA1065.
Colorado Court of Appeals, Div III.
May 11, 2000.
*505 Downey Law Firm, P.C., Arthur H. Downey, Matthew D. Collins, Lakewood, Colorado, for Appellants
Weaver, Oppenheim & Wittebort, P.C., John P. Oppenheim, Englewood, Colorado, for Personal Representative-Appellee
Opinion by Judge NEY.
In this proceeding concerning the estate of Arthur Robert Bell (the decedent), Melisa and Luther Large (the Larges) appeal from the trial court's order denying their petition for formal probate of the decedent's will and formal appointment of the personal representative. We reverse and remand for further proceedings.
In 1994, the Larges leased a residence (the property) owned by the decedent and his wife. Thereafter, for a period of approximately two years, the Larges assisted in the care of the decedent and his wife and, in exchange for their assistance, were permitted to live on the property rent-free. In addition, the decedent and his wife executed codicils to their respective wills providing for the transfer of the property to the surviving spouse and then to the Larges upon the surviving spouse's death. In June 1997, the care-giving relationship was terminated. However, the Larges continued to live on the property without paying rent.
When the decedent's wife died, her interest in the property passed to decedent, who died on March 24, 1998. Upon the subsequent petition of his son, Robert A. Bell, the trial court admitted the decedent's will to informal probate and appointed the son personal representative of the estate. Included in the will was a document entitled "Revocation of First Codicil to Last Will of Arthur Robert Bell," dated February 24, 1998. This document purported to revoke the codicil which would have devised the property to the Larges.
The Larges, acting pro se, submitted a claim against the estate for the property, based upon an alleged agreement and the codicil to the will. The personal representative disallowed the claim, and the Larges submitted a petition for allowance based upon the same grounds as the original claim.
At the hearing on their petition, the Larges, in an opening statement, said that they were prepared to present the report of a handwriting expert who had concluded that the revocation of the codicil was a forgery. Counsel for the estate declined to make an opening statement, except to advise the court that he had received a copy of the referenced report and, also, that the witnesses to the challenged revocation were present in the courtroom.
In response to this exchange, the trial court stated that it was the court's understanding that the issue in that hearing was limited to the claim for services against the estate, "which would be separate and apart [from] whether or not the codicil had been validly revoked or not validly revoked," and that the claim for services was "against the estate, notwithstanding the will." Counsel for the estate concurred in the court's assessment of the limited issue to be determined at that hearing. Based upon the court's limitation, neither party presented any evidence regarding the validity of the revocation of the codicil to the will.
At the conclusion of the hearing, the trial court found that there was no indication that *506 the revocation of the codicil was wrongful, that there was no claim that such was the case, and, accordingly, that the Larges could not inherit the property through the will. The court also concluded that the Larges did not have a valid claim against the estate based upon contract or quantum meruit. Consequently, the trial court denied the petition for allowance of the claim.
The Larges, who continued to act pro se, then filed a petition for formal probate of the will pursuant to § 15-12-401, C.R.S.1999, requesting that the trial court set aside the prior informal findings as to testacy and determine the validity of the revocation of the codicil. The personal representative objected to the petition, arguing that further consideration of the Larges' claim was barred by the doctrines of collateral estoppel and res judicata. The Larges, through counsel, argued to the contrary and filed a demand for jury trial, pursuant to C.R.P.P. 25. See § 15-10-306, C.R.S.1999.
The trial court denied the petition for formal probate as well as the subsequent motion for reconsideration, finding that the issues raised in the petition previously had been litigated and decided and, thus, that further litigation was barred by collateral estoppel and res judicata.
On appeal, the Larges contend that the trial court erred in denying their petition for formal probate. More specifically, they contend that they are not barred from litigating their right to the property under the will because that issue was not, nor could it have been, previously litigated. We agree.
Collateral estoppel bars relitigation of an issue if, as pertinent here, the issue precluded is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding. American Water Development, Inc. v. City of Alamosa, 874 P.2d 352 (Colo.1994). An issue is actually litigated only when it has been properly raised by pleading or otherwise, submitted for determination, and determined. An issue is necessarily adjudicated when the determination of the issue is necessary to the judgment. Michaelson v. Michaelson, 884 P.2d 695 (Colo. 1994), rev'd on other grounds, 939 P.2d 835 (Colo.1997).
Here, the issue of the validity of the will was not properly raised by pleading or submitted for determination by the trial court. To the contrary, the Colorado Probate Code requires that such a challenge be brought in a formal testacy proceeding. Accordingly, the trial court correctly rejected the Larges' attempt to raise that issue in the informal proceeding before it and correctly limited the hearing to their claim for services. See § 15-12-401 (a formal testacy proceeding is litigation to determine whether a decedent left a valid will).
Moreover, the determination whether the Larges were entitled to receive property pursuant to the will was not necessary to determine the issue whether they were owed compensation for services performed pursuant to a contract. Therefore, the findings and conclusions made by the trial court which exceeded the scope of the issue actually submitted to it for determination may not bar subsequent litigation due to collateral estoppel. See American Water Development, Inc. v. City of Alamosa, supra.
Res judicata operates as a bar to a second action on a claim that was litigated in a prior proceeding when there is a final judgment and identity of subject matter, claims for relief, and parties to the action. Res judicata not only bars issues actually decided, but also any issues that should have been raised in the first proceeding, but were not. City & County of Denver v. Block 173 Associates, 814 P.2d 824 (Colo.1991).
We have determined that the Larges' challenge to the validity of the will was not, nor could it have been, litigated in the prior informal proceeding. See Murphy v. Glenn, 964 P.2d 581 (Colo.App.1998) (a dispute over distribution of the estate is not a claim against the estate). Therefore, we conclude that the challenge to the will may not be barred by the doctrine of res judicata. See City & County of Denver v. Block 173 Associates, supra.
In doing so, we reject the estate's argument, in reliance upon § 15-12-107, C.R.S. 1999, that the Larges were not barred from raising their claims to the property, as compensation *507 for services and as devisees under the will, in the same proceeding.
Section 15-12-107 provides, in pertinent part, that:
(b) Petitions for formal orders of the court may combine various requests for relief in a single proceeding if the orders sought may be finally granted without delay. . . .
(emphasis added).
We need not consider whether the Larges' claims to the property are among the "various claims" contemplated by the statute. Because the informal proceeding at issue was not based upon a petition for formal orders, the statute is inapplicable to the facts here.
In sum, we conclude that the Larges' claim to the property under the will is not barred by collateral estoppel or res judicata. Therefore, we reverse the trial court's order denying the petition for formal probate and remand for further proceedings consistent with this opinion.
Judge JONES and Judge TAUBMAN, concur.