In the Matter of the ESTATE OF Sophia H. SCOTT & William C. Scott, Deceased.

**Samuel C. Scott, Petitioner–Appellant,**

v.

**John S. Holt, Trustee of the Sophia H. Scott and William C. Scott Trust, Respondent–Appellee.**

No. 05CA1568.

Colorado Court of Appeals, Div. II.

Nov. 16, 2006.

See also 136 P.3d 892.

Hamil–Hecht LLC, J. Lawrence Hamil, Michelle W. Stern, Denver, Colorado, for Petitioner–Appellant.

Wade Ash Woods Hill & Farley, P.C., Marc Darling, Michelle R. Mieras, Denver, Colorado; Dietze and Davis, P.C., Renee Ezer, Boulder, Colorado, for Respondent–Appellee.

Opinion by Judge TERRY.

Samuel C. Scott (petitioner) appeals from an order of the Denver Probate Court denying and dismissing his petition (2005 petition) in case number 05PR446. We dismiss the appeal.

I.

Petitioner is a beneficiary of a trust being administered in probate case number 00PR225 (2000 case), pending in the same court as the 2005 petition. He filed the 2005 petition, denominated as a Petition to Compel Accounting. Petitioner was represented by the same counsel with respect to both the 2000 case and the 2005 petition.

Making specific reference to the 2000 case, the 2005 petition sought to have John S. Holt (Trustee), the trustee of the trust being administered in the 2000 case, provide to petitioner an accounting of his administration of that trust. The 2005 petition also asked the court to compel Trustee to provide documentation with respect to his professional fees. According to Trustee, his fees had previously been the subject of six separate filings in the 2000 case.

Petitioner was also a party to *In re Estate of Scott*, 119 P.3d 511 (Colo.App.2004), decided by a division of this court on December 16, 2004, and affirmed in *Scott v. Scott*, 136 P.3d 892 (Colo.2006). The 2005 petition was filed within a few months after *In re Estate of Scott* was announced. Rather than file a petition or motion in the 2000 case, as he had done with respect to previous, similar claims, petitioner filed the new 2005 petition and served a summons upon Trustee with respect to the claims raised therein.

The order appealed from here is the Amended Order Re Trustee Accountings issued by the probate court on June 10, 2005. The order's caption listed the case numbers for both the 2000 case and the 2005 petition. The order specified that petitioner's request for annual accounting was denied and was moot; his request for monthly accountings was denied; and his motions for judgment on the pleadings and to strike a paragraph of the response to that motion were moot. The order further stated, "[T]his case is dismissed and the file is closed." It is apparent from the context of the order that the court's dismissal applies only to the 2005 petition, and not to the 2000 case, which is ongoing.

Because it appeared, based upon the supreme court's decision in *Scott, supra,* that the order from which petitioner appealed was not a final, appealable judgment or order, and because the probate court had not certified its order as final for purposes of appeal pursuant to C.R.C.P. 54(b), we issued an order asking the parties to show cause why this appeal should not be dismissed without

prejudice. The parties provided written submissions and oral argument responding to the order to show cause. We now dismiss this appeal without prejudice for lack of jurisdiction.

## II.

The supreme court in *Scott, supra,* noted the difficulties encountered by appellate courts in discerning whether an order of the probate court is a final, appealable order. The court reviewed the language of various sections of the probate code for guidance:

> The definition of "proceeding" provided in the probate code does not resolve [the question of what constitutes a proceeding]. *See* § 15–10–201(41), C.R.S. (2005) ("Proceeding includes action at law and suit in equity"). However, the code provides some guidance. Section 15–12–107, C.R.S. (2005), entitled "Scope of proceedings," states that unless supervised administration is involved "[e]ach proceeding before the court or registrar is independent of any other proceeding involving the same estate." § 15–12–107(1)(a). The statute continues, stating that "[p]etitions for formal order of the court may combine various requests for relief in a single proceeding if the orders sought may be finally granted without delay." § 15–12–107(1)(b). Thus, the code instructs that the unsupervised administration of an estate may involve multiple proceedings, that a petition initiates an independent proceeding and defines its scope, and that a single proceeding may dispose of multiple claims.

*Scott, supra,* 136 P.3d at 896. The court further stated, "when the probate court has fully resolved the claims a proceeding presents, the probate court has issued a final judgment." *Scott, supra,* 136 P.3d at 896 n. 7.

The *Scott* opinion cited the official comment to § 3–107 of the Uniform Probate Code, which indicates that "the scope of the proceeding ... is framed by the petition." *Scott, supra,* 136 P.3d at 897.

We are mindful of *Scott's* indications that a petition frames the scope of a proceeding; there can be more than one proceeding in the administration of a single estate; and a final judgment exists when the probate court has resolved all claims in a proceeding. Nevertheless, we do not believe the supreme court intended to enable parties to obtain a "final, appealable judgment" by filing a new petition under a new case number, where, as here, determination of the new petition is inextricably linked to the main probate proceeding, and there is no preclusive effect of the probate court's order as to the new petition. Under the circumstances presented here, we conclude that the 2005 petition is not a "proceeding" separate from the 2000 case.

■ We base this conclusion in part on *Scott's* discussion of the circumstances under which orders of the probate court are final for purposes of appeal. The supreme court ruled that the order in *Scott* was a final judgment because "there was nothing further for the probate court to do in order to completely determine the rights of the parties regarding the claims raised in that proceeding." *Scott, supra,* 136 P.3d at 898. "[W]hen the probate court has entered orders fully determining the rights of the parties with respect to *all* claims raised in a proceeding, a final judgment exists." *Scott, supra,* 136 P.3d at 899 (emphasis added).

The Colorado Supreme Court quoted with approval the following language from the New Mexico Court of Appeals:

> [O]nce a petition is filed, it defines a proceeding. Further pleadings relating to the same subject matter, whether labelled motions or petitions, are part of the same proceeding. When the subject matter of two petitions overlap [sic], it would generally be appropriate to consider both petitions as belonging to the same proceeding.

*In re Estate of Newalla,* 114 N.M. 290, 837 P.2d 1373, 1377 (Ct.App.1992). The court in *Scott* went on to state: "We agree that the initial petition outlines a set of claims and begins a proceeding. Subsequent pleadings which relate to that set of claims are part of the same proceeding." *Scott, supra,* 136 P.3d at 897.

■ Here, it is apparent from the probate court's order that the 2005 petition is part of the same proceeding as the 2000 case and

could not stand on its own as a separate proceeding. The order noted both case numbers. The court indicated that it had considered "all of the recent pleadings in this case and the *related cases*" (emphasis added) in connection with Trustee's administration of the trust. This language demonstrates the probate court's reasoning that, in order to resolve the issues in the 2005 petition, it had to view them in the larger context of the 2000 case—a clear indication that the 2005 petition is part of the same proceeding as the 2000 case. Additionally, the order referred to both the 2005 petition and the 2000 case as "this litigation," and indicated that the court had reviewed the 2000 case file to determine whether Trustee had made accountings and with what frequency.

We further rely upon *Scott's* disapproval of *In re Estate of Binford*, 839 P.2d 508 (Colo. App.1992). *Binford* held that "[t]he test for determining finality is whether an order disposes of and is conclusive of the controverted claim for which that part of the proceeding is brought." *Binford, supra*, 839 P.2d at 510. The *Scott* court noted legal commentators' criticisms that *Binford* had led to "confusion caused by the issue-based test for finality." *Scott*, 136 P.3d at 895 (citing John F. Kuether, *Significant Probate and Trust Decisions*, 30 Real Prop., Prob. & Tr. J. 645, 655 (Winter 1996)). The supreme court in *Scott* held that the court of appeals majority had properly declined to follow *Binford*, and concluded that the same rules of finality apply in probate cases as in other civil cases. "[T]hus, an order of the probate court is final if it ends the particular action in which it is entered and leaves nothing further for the court pronouncing it to do in order to completely determine the rights of the parties as to that proceeding." *Scott, supra*, 136 P.3d at 896.

*Scott's* disapproval of *Binford's* allowance of piecemeal appeals from estate cases indicates to us that the supreme court similarly would not approve petitioner's appeal of the probate court's order presented here, which did not finally conclude any substantive matter and has no preclusive effect.

Both parties agreed at oral argument that there is no preclusive effect to the probate court's order. Counsel for petitioner conceded that the same issues raised in the 2005 petition—the sufficiency and frequency of Trustee's accountings—have been raised in the 2000 case after issuance of the order appealed from here, and that the order does not preclude the probate court from granting in the future the relief requested in the petition. Therefore, that order lacks a key characteristic of a final, appealable judgment. *See Rantz v. Kaufman*, 109 P.3d 132 (Colo. 2005) (noting that the doctrine of issue preclusion, sometimes referred to as collateral estoppel, provides that a court's final decision on an issue actually litigated and decided in a previous suit is conclusive of that issue in a subsequent suit); *Smeal v. Oldenettel*, 814 P.2d 904 (Colo.1991) (noting that ongoing litigation lacks preclusive effect, as distinct from final judgments, which have preclusive effect); 18 James W. Moore et al., *Moore's Federal Practice* § 131.30 & [2][a] (3d ed.1999) (claim preclusion requires final judgment that completes trial court's adjudicatory process).

We recognize that a distinction exists between the petitions in *Scott, supra*, which were filed under the same case number, and the petitions presented here, which were filed under different case numbers. Nevertheless, we find this distinction to be one of form over substance. Because the 2005 petition relates to the same set of claims as those in the ongoing 2000 case, we conclude that the 2005 petition is part of the same proceeding as the 2000 case.

If we were to rule otherwise, it would encourage parties to file multiple separate petitions on relatively insubstantial claims in order to circumvent the holding in *Scott*.

In the notice of appeal, petitioner concedes that there has been no certification of the probate court's order as a final, appealable order under C.R.C.P. 54(b). Therefore, this court lacks jurisdiction to consider this appeal.

The appeal is dismissed without prejudice.

Judge TAUBMAN concurs.

Judge VOGT dissents.

Judge VOGT dissenting.

I agree with the majority that *Scott v. Scott*, 136 P.3d 892 (Colo.2006), controls our determination of whether the order before us is final and appealable. However, I read *Scott* as supporting the conclusion that it is. I therefore respectfully dissent from the majority's dismissal of the appeal.

The *Scott* court recognized that the determination of the finality of probate court orders turns on "what constitutes a proceeding." *Scott*, 136 P.3d at 896 ("Because we hold that an order of the probate court is final when it ends the particular proceeding in which the probate court enters the order, we must next determine what constitutes a proceeding."). Addressing various probate code provisions bearing on that issue, the court noted, as pertinent here, "that the unsupervised administration of an estate may involve multiple proceedings." *Scott*, 136 P.3d at 896.

The case before the supreme court in *Scott* involved two pleadings, both denominated "petitions," filed in a single probate court proceeding. Relying on *In re Estate of Newalla*, 114 N.M. 290, 837 P.2d 1373 (App.1992), for the proposition that, once a petition is filed, further pleadings relating to the same subject matter, whether labeled motions or petitions, are part of the same proceeding, the supreme court rejected the argument that the second petition instituted an independent proceeding. In so concluding, the court twice observed that the second petition was filed "under the same case number" as the petition that instituted the proceeding, and it interpreted the language of the second petition as demonstrating "that the parties did not intend this petition to initiate a new proceeding." *Scott*, 136 P.3d at 898.

The facts of this case differ significantly from those found dispositive in *Scott*. Here, petitioner filed a petition to compel accounting and, according to counsel's statement at oral argument, paid a filing fee. The probate court assigned a new case number to the petition. Petitioner served respondent with a summons, showing the new case number, and a copy of the petition. The parties then filed various pleadings addressing the issues raised in the petition. Thereafter, the probate court entered the order at issue here, declining to grant the relief requested in the petition and stating: "This case is dismissed and the file is closed."

Thus, the record here shows that petitioner intended the petition to initiate a new proceeding, that the probate court treated it as such by assigning a new case number, and that the probate court viewed its order as concluding that proceeding. These facts distinguish this case from *Scott* and, in my view, require the conclusion that the order before us is final and appealable.

Unlike the majority, I do not view the factual differences between this case and *Scott* as mere matters of form, not substance. Nor can I conclude that the probate court's consideration of the underlying case when it entered the order at issue here shows that this was not a new proceeding. Further, although the parties indicated at oral argument that respondent's ongoing accounting obligations will continue to be litigated in the context of the 2000 case, I do not agree with the majority that the parties' statements establish that the probate court's order under review cannot be final because it will have no preclusive effect. *See In re Estate of Bell*, 4 P.3d 504 (Colo.App.2000); *see also In re Estate of Newalla*, *supra* (rejecting argument that order before it could not be final because there were still matters to be decided that would be affected by the order).

I share the majority's concern about piecemeal appeals and about the potential for parties to manipulate the process in order to obtain a final appealable judgment. I note that the latter concern could potentially be alleviated in the probate court by consolidation of a separately filed proceeding with an ongoing proceeding. Here, however, respondent did not seek, and the probate court did not order, such consolidation.

In any event, as I read *Scott*, if a new proceeding is instituted and resolved by an order dismissing the proceeding, we have jurisdiction to address the merits of the appeal. I do not believe we may decline to exercise that jurisdiction, regardless of our view of the motivation of the party seeking review. I would therefore entertain the ap-

peal and address petitioner's contentions on their merits.